1  Craig J. Mariam (SBN 225280)
   Richard P. Sybert (SBN 80731)
2  GORDON & REES LLP
   101 W. Broadway, Suite 2000
3  San Diego, CA 92101
   Telephone: (619) 696-6700
4  Facsimile: (619) 696-7124

5  Keith J. Grady (*Pro Hac Vice pending)*
   Robert S. Kenney (*Pro Hac Vice pending*)
6  POLSINELLI SHALTON FLANIGAN SUELTHAUS PC
   100 South Fourth Street, Suite 1100
7  Telephone: (314) 889-8000
   Facsimile: (314) 727-7166

8
   Attorneys for Defendants
9  SOLOMON COLORS, INC. and
   LEGACY DECORATIVE CONCRETE SYSTEMS, INC.

10

11            UNITED STATES DISTRICT COURT

12          SOUTHERN DISTRICT OF CALIFORNIA

13

   PROLINE CONCRETE TOOLS, INC., a      ) CASE NO. 07-CV-2310 LAB AJB
14 California Corporation                )
                                         ) MEMORANDUM OF POINTS
15              Plaintiff,               ) AND AUTHORITIES IN
                                         ) SUPPORT OF MOTION TO
16     vs.                               ) DISMISS UNDER FED.R.CIV.P
                                         ) 12 (b)(1) and FED.R.CIV.P. 12
17 GORD DENNIS, an individual; CADILLAC  ) (b)(6)
   CONCRETE PRODUCTS, LTD., an           )
18 unknown business form located in British )
   Columbia, Canada; CREATIVE           ) Date:       March 24, 2008
19 URETHANE CONCEPTS, INC., a South      ) Time:       11:15 a.m.
   Carolina Corporation; UNIVERSAL       ) Courtroom: 9/2nd Floor
20 BUILDING PRODUCTS, INC.; an Illinois  ) Judge:      Larry A. Burns
   Corporation; LEGACY DECORATIVE        )
21 CONCRETE SYSTEMS, INC., an Illinois   ) [ORAL ARGUMENT
   Corporation; SOLOMON COLORS, INC.,    ) REQUESTED]
22 an Illinois Corporation; and DOES 1 through )
   20, inclusive,                        ) Filed/Lodged concurrently with:
23                                        ) 1. Notice of Motion and Motion
                Defendants.              ) to Dismiss;
24 _____  ) 2. [Proposed] Order.

25

26

27

28
                                    -1-
   _____
   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
                                    Case No. 07-CV-2310 LAB AJB

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2      Defendants Legacy Decorative Concrete Systems, Inc. ("Legacy") and

3 Solomon Colors, Inc. ("Solomon") (collectively referred to herein as

4 "Defendants") hereby submit their Memorandum of Points and Authorities in

5 Support of Defendants' Motion to Dismiss.

6 **I.    INTRODUCTION**

7      Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil

8 Procedure 12(b)(1) because Plaintiff pleads insufficient facts regarding ownership

9 of a valid copyright.  Further, Plaintiff's Complaint should be dismissed pursuant

10 to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which

11 relief can be granted because Plaintiff's Complaint fails to allege facts sufficient to

12 give Defendants fair notice as to the nature of Plaintiff's claim and the grounds

13 upon which it rests.

14 **II.    FACTUAL BACKGROUND AND SUMMARY OF ARGUMENT**

15      Plaintiff filed its original Complaint against six named defendants and

16 twenty "Doe" defendants.  Plaintiff alleges that Defendants infringed its federally

17 registered copyright.  Plaintiff seeks statutory damages and injunctive relief.

18 Plaintiff alleges that it creates decorative concrete stamps used to decorate concrete

19 surfaces.  See Plaintiff's Complaint, ¶ 4.  Plaintiff further alleges that Legacy and

20 Solomon copied Plaintiff's copyrighted works.  Id. at ¶¶ 7, 8.  Plaintiff does not

21 provide any detail as to which, if any, of its decorative concrete stamps are, in fact,

22 copyrighted and registered.  Similarly, Plaintiff does not provide any detail as to

23 which of its alleged copyrighted concrete stamps Legacy and Solomon copied.

24 Plaintiff also does not provide any detail as to when, where, and to what extent

25 Legacy and Solomon allegedly copied Plaintiff's alleged copyrighted concrete

26 stamps.  In short, beyond the conclusory allegation that Legacy and Solomon

27 copied Plaintiff's works, Plaintiff provides no detail or supporting facts.

28

*Gordon & Rees LLP*
*101 W. Broadway*
*Suite 2000*
*San Diego, CA 92101*

1    Plaintiff's Complaint is replete with conclusory allegations.  It is essentially

2    an unsupported recitation of the elements of a copyright infringement claim.  But

3    Plaintiff does not provide any facts to place Defendants on notice as the nature of

4    its claims or grounds upon which those claims rest.  Further, in failing to allege

5    sufficient facts to support its claims, Plaintiff also fails to plead facts that confer

6    jurisdiction on this Court.  Indeed, Plaintiff's bare assertion regarding its

7    ownership of a federally registered does not withstand scrutiny.  Without a

8    federally registered copyright, Plaintiff cannot invoke the jurisdiction of this court.

9    Accordingly, Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1)

10    and Rule 12(b)(6).

11  **III.    ARGUMENT**

12        A.    Elements of a Copyright Infringement Claim

13        In order to make a prima facie case for copyright infringement, Plaintiff

14    must allege: (1) that it owns a *valid* copyright; and (2) that the defendant copied

15    constituent elements of the work that are original.  See Atlantic Recording Corp. v.

16    Serrano, No. 07-CV-1824 W(JMA), 2007 U.S. Dist. LEXIS 95203, at *7 (S.D.

17    Cal. Dec. 27, 2007), citing Feist Pub., Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S

18    340, 361 (1991).  As to the second element, Plaintiff must also allege that "'the

19    infringer had access to plaintiff's copyrighted work and that the works at issue are

20    substantially similar in their protected elements.'"  Zella v. The E. W. Scripps Co.,

21    No. CV-06-7055 ABC (JTL), 2007 U.S. Dist. LEXIS 95181, at *22 (C.D. Cal.

22    Dec. 18, 2007), quoting, Cavalier v. Random House, Inc., 297 F.3d 815, 827 (9th

23    Cir. 2002).  Plaintiff has failed to allege sufficient facts to satisfy either element.

24        B.    Plaintiff's Complaint Should Be Dismissed for Lack of Subject Matter

25            Jurisdiction.

26        A motion to dismiss for lack of subject matter jurisdiction typically takes

27    two forms: (1) an attack of the complaint on its face, or a "facial attack"; or (2) an

28

-3-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
Case No. 07-CV-2310 LAB AJB

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

1   attack of the substance of the allegations of the subject matter jurisdiction, or a

2   "factual attack."  See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th

3   Cir. 2004).  Stated another way, a motion brought pursuant to Rule 12(b)(1) can

4   attack the sufficiency of the pleadings or allege an actual lack of jurisdiction

5   despite sufficient pleading.  See Riverdeep Interactive Learning, Ltd. v. MPS

6   Multimedia, Inc., No. C-06-5597-CW, 2006 U.S. Dist. LEXIS 94524, at *5 (N.D.

7   Cal. Dec. 22, 2006), citing Thornhill Publishing Co. v. Gen. Tel. and Elecs. Corp.,

8   594 F.2d 730, 733 (9th Cir. 1979; Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th

9   Cir. 1987).  In this case, Plaintiff's Complaint is facially defective and there is no

10  federal jurisdiction present.

11      Federal courts do not have jurisdiction of a copyright infringement claim

12  brought pursuant to 17 U.S.C. § 101, et seq., where the copyright is not federally

13  registered.  17 U.S.C. § 411; Just Water Heaters v. Affordable Water Heaters and

14  Plumbing, Inc., 2006 U.S. Dist. LEXIS 9006, *7 (N.D. Cal. Feb. 23, 2006)

15  (dismissing a copyright infringement claim where the plaintiff did not plead

16  possession of a certificate of registration); Riverdeep Interactive, supra, 2006 U.S.

17  Dist. LEXIS 94524, *5; Loree Rodkin Management Corp. v. Ross-Simons, Inc.,

18  315 F. Supp. 2d 1053, 1055 (C.D. Cal. 2004).

19      Here, Plaintiff has failed to allege sufficient facts to demonstrate that it owns

20  a *valid* copyright.  Plaintiff alleges that on or about 1991, it created certain

21  decorative concrete stamps.  See Plaintiff's Complaint at ¶ 13.  Plaintiff also

22  alleges that it owns the copyrights to the decorative concrete stamps that are the

23  subject of this litigation.  Id. at ¶ 14.  Finally, Plaintiff alleges that it registered its

24  copyrighted decorative concrete stamps with the United States Copyright Office.

25  Id. at ¶ 20.

26      But the bare assertions do not constitute sufficient facts to invoke federal

27  jurisdiction.  Importantly, while Plaintiff avers that it registered its copyrighted

28

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

1   decorative concrete stamps, it provides no further factual support beyond this

2   naked assertion. It pleads no facts demonstrating the works that have allegedly

3   been registered. It pleads no facts indicating when it registered its copyright. It

4   pleads no facts demonstrating possession of a certificate of registration. It pleads

5   no facts identifying the registration number or numbers. The absence of these facts

6   is substantial proof of the nonexistence of these critical elements. See O'Brien v.

7   DiGrazia, 544 F.2d 543, 546, n.3 (1st Cir. 1976) ("when a complaint omits facts

8   that, if they existed, would clearly dominate the case, it seems fair to assume that

9   those facts do not exist").

10          In the absence of a federally registered copyright, Plaintiff cannot state a

11   claim under federal law, thus rendering this Court without jurisdiction to hear

12   Plaintiff's claims. Plaintiff's Complaint should, therefore, be dismissed for lack of

13   subject matter jurisdiction.

14          C.      Plaintiff's Complaint Should Be Dismissed for Failure to State a

15                  Claim Upon Which Relief Can Be Granted.

16          Plaintiff's Complaint should also be dismissed for failure to state a claim

17   upon which relief can be granted. Plaintiff's Complaint is full of bare assertions

18   and conclusory allegations. While Rule 8 of the Federal Rules of Civil Procedure

19   simply requires a short and plain statement of facts, the Supreme Court's recent

20   decision in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), clarifies what

21   is required by Rule 8. Twombly instructs that a plaintiff is obligated to state facts

22   sufficient to "'give the defendant fair notice of what the . . . claim is and the

23   grounds upon which it rests.'" Id. at 1964, quoting Conley v. Gibson, 355 U.S. 41,

24   47 (1957). Further, a plaintiff's obligation "requires more than labels and

25   conclusions, and a formulaic recitation of the elements of a cause of action…." Id.

26   A complaint may be dismissed under Rule 12(b)(6) for two reasons: (1) lack of a

27   cognizable legal theory; or (2) insufficient facts under a cognizable theory.

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
Case No. 07-CV-2310 LAB AJB

1   <u>Atlantic Recording</u>, 2007 U.S. Dist. LEXIS 95203, at *5, <u>citing</u> <u>Robertson v. Dean</u>

2   <u>Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984); <u>see also</u>, <u>Zella v. The E.</u>

3   <u>W. Scripps Co.</u>, No. CV-06-7065 ABC (JTL), 2007 U.S. Dist. LEXIS 95181 at *6

4   (C.D. Cal. Dec. 18 2007).  A plaintiff's complaint must include a short and plain

5   statement of the facts giving the defendant fair notice of what the plaintiff's claim

6   is and the ground upon which it rests.  <u>Id.</u>, *7, citing <u>Swierkiewicz v. Sorema,</u>

7   <u>N.A.</u>, 534 U.S. 506, 512 (2002).

8          Here, Plaintiff has failed to plead facts sufficient to give Defendants fair

9   notice as to the existence of a valid copyright, the specific product being infringed,

10  the nature of the infringement, or when the infringement allegedly occurred.  In

11  short, Plaintiff has not satisfied the pleading requirements of Rule 8 or <u>Twombly</u>.

12  Plaintiff's Complaint is full of generalized assertions that Defendants copied

13  Proline's copyrighted works.  Plaintiff does not, however, identify any specific

14  works that Defendants are supposed to have copied.  Plaintiff also does not identify

15  when the alleged copying is supposed to have occurred.

16         Plaintiff cannot survive a Rule 12(b)(6) Motion to Dismiss by simply

17  engaging in a rote recitation of conclusory facts, which stand unsupported by any

18  specific allegations.  Indeed, applying the teachings of <u>Twombly</u>, leads to the

19  conclusion that Plaintiff's claim must be dismissed because it simply rests upon

20  rote recitations of the elements of a copyright infringement claim without any

21  supporting facts.

22         To satisfy its requirements under Rule 8, a plaintiff must do more than

23  provide "labels and conclusions[;] a formulaic recitation of the elements of a cause

24  of action will not do.  Factual allegations must be enough to raise a right to relief

25  above the speculate level."  <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965

26  (2007).  Plaintiff must plead facts with sufficient particularity and detail to give a

27

28

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

-6-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
Case No. 07-CV-2310 LAB AJB

1  defendant notice of what was infringed and what acts constitute infringement.

2  Atlantic Recording, 2007 U.S. Dist LEXIS 95203, at *10.

3      In Atlantic Recording, the plaintiffs' alleged and provided exhibits in

4  support of their ownership of ten copyrighted sound recordings, along with

5  registration numbers for each. Id., at *7. Plaintiffs also gave specific factual

6  support for the alleged infringing activity, providing facts as to the time and place

7  of the defendant's alleged infringing behavior. Id., at *8. In sum, Plaintiff's

8  supplied enough information to apprise the defendants of the fact that they owned a

9  federally registered copyright, who owned the copyrights, and how and when the

10 defendant allegedly infringed them.  Id.

11     In this case, by contrast, the plaintiff has alleged ownership of a federally

12 registered copyright, when, in fact, it provides no support for its ownership of a

13 federally registered copyright. Additionally, Plaintiff has not provided any facts,

14 beyond a formulaic recitation of the elements of the cause of action, that support

15 the grounds for plaintiff's claim. Plaintiff has provided no factual support tending

16 to show when, where, and how, defendants allegedly infringed plaintiff's

17 copyright.  In sum, Plaintiff has failed to provide facts sufficient to give Legacy

18 and Solomon notice as to the nature of Plaintiff's claim and the grounds upon

19 which it rests.

20 **IV.    CONCLUSION**

21     Plaintiff's Complaint is fatally defective. First, Plaintiff does not plead facts

22 sufficient to support its allegation of ownership of a federally registered copyright.

23 For this reason alone, this Court lacks jurisdiction over the subject matter and

24 should dismiss Plaintiff's complaint. Second, Plaintiff's Complaint fails to

25 comport with the Supreme Court's teachings in Twombly. Plaintiff's Complaint

26 utterly fails to allege facts sufficient to provide Legacy and Solomon fair notice as

27 to the nature of Plaintiff's claims or the grounds upon which the alleged claims

28

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

-7-

1  rest.  Indeed, Plaintiff's Complaint does no more than provide a formulaic

2  recitation of the elements of a copyright infringement claim.  Plaintiff's complaint

3  fails to satisfy Federal Rule of Civil Procedure 8 and should, therefore, be

4  dismissed for failure to state a claim upon which relief can be granted.

5       Defendants Legacy Decorative Concrete Systems, Inc. and Solomon Colors,

6  Inc. respectfully request that the Court dismiss with prejudice Plaintiff's

7  Complaint, award Defendants their fees and costs and for such other and further

8  relief as the court deems just and proper.

9

10  Dated:  February 11, 2008          Respectfully submitted,

11                                     Keith J. Grady
                                       Robert S. Kenney
12                                     POLSINELLI SHALTON FLANIGAN
                                       SUELTHAUS PC
13
14                                     Craig J. Mariam
                                       Richard P. Sybert
15                                     GORDON & REES LLP

16                              By: /s/ Craig J. Mariam
                                       Craig J. Mariam
17                                     Attorneys for Defendants
                                       LEGACY DECORATIVE CONCRETE
18                                     SYSTEMS, INC. and SOLOMON
                                       COLORS, INC.
19

20

21

22

23

24

25

26

27

28

-8-

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101