**TORY M. PANKOPF, ESQ., SBN 202581**
**LAW OFFICES OF TORY M. PANKOPF**
611 Sierra Rose Drive
Reno, Nevada 89511
Telephone: (530) 725-8263
Facsimile:  (530)  725-8264
**tppankopf@sbcglobal.net**

Attorneys for Plaintiff
PROLINE CONCRETE TOOLS, INC.

# UNITED STATES DISTRICT COURT
## SOUTHERN  DISTRICT  OF  CALIFORNIA

| | |
|---|---|
| PROLINE CONCRETE TOOLS, INC., a California Corporation,<br><br>                    Plaintiff,<br><br>vs.<br><br>GORD DENNIS, an individual, CADILLAC CONCRETE PRODUCTS, LTD., an unknown business form located in British Columbia, Canada, et. al.<br><br>                    Defendants. | CASE NO:  **07 CV 2310 LAB AIB**<br><br>**RESPONSE TO MOTION TO DISMISS**<br><br>Date:     March 24, 2008<br>Time:     11:15 a.m.<br>Dept:     9/2nd Floor<br>Judge:   Larry A. Burns |

**TO THE COURT AND ALL INTERESTED PARTIES:**

Plaintiff PROLINE CONCRETE TOOLS, INC. ("Plaintiff") hereby files its response to Defendants', LEGACY CONCRETE SYSTEMS, INC., and SOLOMON COLORS, INC. ("Defendants")(collectively "Parties"), motion to dismiss complaint for lack of subject matter jurisdiction and failing to state a claim upon which relief can be granted.

////

////

- 1 -

Response to Motion to Dismiss Complaint – Rule 12(b)(1) & (6)

## MEMORANDUM OF POINTS AND AUTHORITIES

**A. Statement of Case and Facts.**

As alleged in the complaint, this case arises out of the Defendants' misappropriation of Plaintiff's copyrighted decorative concrete stamps.

On or about 1991, Plaintiff created certain decorative concrete stamps. The Plaintiff owns the copyrights to the decorative concrete stamps that are the subject of this litigation. Defendants have misappropriated Plaintiff's copyrighted decorative concrete stamps for their own profit and advantage. Plaintiff has demanded that Defendants stop copying and selling Plaintiff's copyrighted decorative stamps. Defendants have refused to cease their infringing activities. Defendants' conduct has been willful.

The Plaintiff has registered its copyrighted decorative concrete stamps with the United States Copyright Office. Messrs. Jeff Irwin and Paul Sowa are the authors of the decorative concrete stamps who have transferred all their rights to the Plaintiff.

Plaintiff has complied in all respects with 17 U.S.C. §§ 101 et seq., and secured the exclusive rights and privileges in and to the copyrights of the above-referenced works. Plaintiff has been and still is the sole proprietor of all rights, title, and interest in and to the copyrights in their respective works as referenced above. Defendants' conduct violates the exclusive rights belonging to Plaintiff as owner of the copyrights in its decorative concrete stamps, including without limitation Plaintiff's rights under 17 U.S.C. § 106.

**B. Legal Standard re Motion to Dismiss Complaint.**

A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.,* 720 F.2d 578, 581 (9th Cir.1983). Dismissal of a claim according to this rule is proper only in "extraordinary" cases. *United States v. Redwood City,* 640 F.2d 963, 966 (9th Cir.1981). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir.1984).

As the Supreme Court recently explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

Law Offices of
**Tory M. Pankopf**
611 Sierra Rose Drive
Reno, NV 89511
(530) 725-8263

- 2 -

Response to Motion to Dismiss Complaint – Rule 12(b)(1) & (6)

1  provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and
2  a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v.*
3  *Twombly,* 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). Rather, the allegations in the
4  complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1964-65.
5  Additionally, all material allegations in the complaint, "even if doubtful in fact," are assumed to
6  be true. *Id.* The court must assume the truth of all factual allegations and must "construe them in
7  the light most favorable to the nonmoving party." *Gompper v. VISX, Inc.,* 298 F.3d 893, 895
8  (9th Cir.2002). The complaint and all reasonable inferences therefrom are construed in the
9  plaintiff's favor. *Walleri v. Fed. Home Loan Bank of Seattle,* 83 F.3d 1575, 1580 (9th Cir.1996).
10 Nevertheless, conclusory legal allegations and unwarranted inferences are insufficient to defeat
11 a motion to dismiss. *Ove v. Gwinn,* 264 F.3d 817, 821 (9th Cir.2001).

**1. Copyright Infringement Claim.**

To establish a copyright infringement claim, plaintiffs must allege (1) that they own valid copyrights and (2) that defendant copied constituent elements of the work that are original. *Feist Pub.. Inc. v. Rural Tel. Serv. Co., Inc.,* 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). Federal Rule of Civil Procedure 8(a) requires that a complaint include a short and plain statement of the claim showing that the pleader is entitled to relief. Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

**a) Argument.**

**1) Plaintiff has Plead it Owns Valid Copyrights.**

Plaintiff has alleged it owns copyrights to its decorative concrete stamps and has complied with all respects with 17 U.S.C. §§ 101 et seq., and secured the exclusive rights and privileges in and to the copyrights of the above-referenced works. Paragraphs 19 through 22 of the complaint states:

"19. Plaintiff owns copyrighted decorative concrete stamps.

20. The Plaintiff has registered its copyrighted decorative concrete stamps with the United States Copyright Office.

**Law Offices of**
**Tory M. Pankopf**
611 Sierra Rose Drive
Reno, NV 89511
(530) 725-8263

- 3 -

Response to Motion to Dismiss Complaint – Rule 12(b)(1) & (6)

21. Jeff Irwin and Paul Sowa are the authors of the decorative concrete stamps who have transferred all their rights to the Plaintiff.

22. Plaintiff has complied in all respects with 17 U.S.C. §§ 101 et seq., and secured the exclusive rights and privileges in and to the copyrights of the above-referenced works. Plaintiff has been and still is the sole proprietor of all rights, title, and interest in and to the copyrights in their respective works as referenced above."

The United States Copy Right Act does not require anymore specific pleading than expressed in the complaint. There is no requirement under the act that the registration numbers must be filed with a copyright complaint. It does not require that the registration numbers of the copyrights to be included with a complaint.

As such the Plaintiff has sufficiently plead ownership of valid copyrights.

**2) Plaintiff has Plead that Defendant has Copied its Decorative Stamps.**

At paragraph 7 and 8 of the Plaintiff's complaint, the Plaintiff alleges that the Defendants are copying Plaintiff's copyrighted works, in their entirety, selling them, and without their consent. At paragraphs 23 through 26 of its complaint, the Plaintiff alleges that the Defendants' copying of its decorative concrete stamps are in violation of its exclusive rights, the violation are willful, and causing it damages. Paragraphs 23 through 26 allege the following:

"23. Defendants' conduct violates the exclusive rights belonging to Plaintiff as owner of the copyrights in its decorative concrete stamps, including without limitation Plaintiff's rights under 17 U.S.C. § 106.

24. On information and belief, Plaintiff alleges that, as a direct and proximate result of their wrongful conduct, Defendants have realized and continue to realize profits and other benefits rightfully belonging to Plaintiff. Accordingly, Plaintiff seeks an award of damages pursuant to 17 U.S.C. §§ 504 and 505.

25. Defendants' infringing conduct has also caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

26. On information and belief, Defendants have willfully engaged in, and are willfully engaging in, the acts complained of with oppression, fraud,

**Law Offices of**
**Tory M. Pankopf**
611 Sierra Rose Drive
Reno, NV 89511
(530) 725-8263

- 4 -

Response to Motion to Dismiss Complaint – Rule 12(b)(1) & (6)

and malice, and in conscious disregard of the rights of Plaintiff. Plaintiff is, therefore, entitled to the maximum statutory damages allowable.

Plaintiff's allegations regarding copying Plaintiff's copyrighted decorative concrete stamps complies with Federal Rule of Civil Procedure 8(a). The statements are plain and short. The statements show the Defendants that the Plaintiff is entitled to relief. The statements simply give the Defendants fair notice that they have misappropriated Plaintiff's copyrighted decorative concrete stamps by copying them and then selling them for a profit.

**1. Subject Matter Jurisdiction.**

The Defendants claim that this Court does not have subject matter jurisdiction because the Plaintiff has not specifically identified its valid registered copyrights. However, the Defendants have not provide any statutory authority requiring a plaintiff to either identify the registration numbers or attach copies of its valid copyrights to its complaint. As discussed above, a complaint for copyright infringement need only allege that the Plaintiff owns a valid registered copyright. *Feist Pub.. Inc.* @ 361.

Here, the Plaintiff's complaint specifically alleges that it owns the copyrights that are being infringed upon by the Defendants.

As such, this Court does have subject matter jurisdiction.

**C.  Conclusion.**

For the foregoing reasons, the Defendants' motion should be denied.

DATED:  This 10th day of March, 2008              *Law Offices of Tory M. Pankopf*


By:   /S/ TORY M. PANKOPF_____
      TORY M. PANKOPF, ESQ.
      *Attorney for Plaintiff*
      PROLINE CONCRETE TOOLS, INC.

**Law Offices of**
**Tory M. Pankopf**
611 Sierra Rose Drive
Reno, NV 89511
(530) 725-8263

- 5 -

Response to Motion to Dismiss Complaint – Rule 12(b)(1) & (6)