Greg A. Garbacz, Bar No. 167007
Gregor A. Hensrude, Bar No. 226660
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
ghensrude@klinedinstlaw.com

Keith J. Grady, Esq.
Robert S. Kenney, Esq.
Polsinelli Shalton Flanigan Suelthaus PC
100 South Fourth Street, Suite 1100
St. Louis, Missouri 63102
314-889-8000/FAX 314-231-1776

Attorneys for Defendants
LEGACY DECORATIVE CONCRETE SYSTEMS, INC. and
SOLOMON COLORS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROLINE CONCRETE TOOLS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>GORD DENNIS, an individual; CADILLAC CONCRETE PRODUCTS, LTD., an unknown business form located in British Columbia, Canada; CREATIVE URETHANE CONCEPTS, INC., a South Carolina Corporation; UNIVERSAL BUILDING PRODUCTS, INC., an Illinois Corporation; LEGACY DECORATIVE CONCRETE SYSTEMS, INC., an Illinois Corporation; SOLOMON COLORS, INC., an Illinois Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.   07 CV 2310 LAB (AJB)<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**<br><br>Date<br>Time:<br>Dept:<br>Judge:<br>Complaint Filed:<br>Trial Date:   None set |

///

///

Defendants Legacy Decorative Concrete Systems, Inc. ("Legacy") and Solomon Colors, Inc. ("Solomon") (collectively referred to herein as "Defendants"), hereby submit their Reply to Plaintiff's Response to Motion to Dismiss ("Response").

## I.
## INTRODUCTION

Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) because Plaintiff pleads insufficient facts regarding its alleged ownership of a valid, federally-registered copyright. Defendants also move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted because Plaintiff's Complaint alleges insufficient facts to give Defendants fair notice as to the nature of Plaintiff's claim and the grounds upon which it rests.

In its Response, Plaintiff does nothing more than repeat the bare allegations in its deficient Complaint. Plaintiff does not identify with any specificity the "certain decorative concrete stamps" that are allegedly the subject of this lawsuit. Plaintiff's Response does nothing to negate Defendants' Motion to Dismiss. Defendants' Motion should, therefore, be granted.

## II.
## ARGUMENT

### A.  Plaintiff's Complaint Should Be Dismissed for Failure to State a Claim

Plaintiff has not, in its Complaint or in its Response, provided the level of factual specificity required by *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). While, a complaint need not provide detailed factual allegations, it must recite enough factual specificity to provide the defendant with knowledge of the grounds for the plaintiff's entitlement to relief. A "formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964. Where a plaintiff pleads insufficient facts under a cognizable legal theory, dismissal pursuant to Rule 12(b)(6) is appropriate. *Atlantic Recording Corp. v. Serrano*, No. 07-CV-1824 W (JMA), 2007 U.S. Dist. LEXIS 95203, at *5 (S.D. Cal. Dec.

///

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101

1  27, 2007), citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.
2  1984).

3      Here, Plaintiff's Response, just like its Complaint, does nothing but engage in a
4  formulaic recitation of the elements of a copyright infringement claim. Plaintiff does not,
5  however, allege any specific facts, as required by *Twombly*, to inform Defendants of the
6  factual basis for Plaintiff's claims.

7      To establish a copyright infringement claim, a plaintiff must allege: (1) that it
8  owns a valid copyright; and (2) that the defendant copied constituent elements of the
9  work that are original. *Feist Pub., Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361
10 (1991). Plaintiff must also allege, in support of the second element, that "the infringer
11 had access to plaintiff's copyrighted work and that the works at issue are substantially
12 similar in their protected elements." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 827
13 (9th Cir. 2002). Plaintiff has not alleged sufficient facts to satisfy either element (1) or
14 element (2).

15     In this case, Plaintiff simply asserts that it owns a copyright and that Defendants
16 misappropriated Plaintiff's copyright. Plaintiff alleges nothing more. Plaintiff does not
17 allege, with any factual specificity, the particular decorative concrete stamps in which it
18 allegedly holds a valid copyright. It does not allege the nature and the extent of
19 Defendants' alleged infringement or which decorative concrete stamps Defendants
20 allegedly infringed.

21     Plaintiff's bare assertions do not give the Defendants fair notice of Plaintiff's
22 claim and the grounds upon which it rests. As instructed by Twombly, a plaintiff cannot
23 survive a Rule 12(b)(6) motion to dismiss by simply engaging in a rote recitation of
24 conclusory facts, which stand unsupported by any specific allegations. Merely providing
25 labels and conclusions does not satisfy Rule 8. In sum, a court need not accept as true
26 "conclusory legal allegations cast in the form of factual allegations." See *Stewart v.*
27 *Wachowski*, No. CV 03-2873 MMM (VBKx), 2004 U.S. Dist. LEXIS 26608, at *8 (C.D.
28 ///

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101

1 Cal. Sept. 28, 2004). Accordingly, the Court should dismiss Plaintiff's Complaint
2 pursuant to Rule 12(b)(6) for failure to stat a claim for relief.

3 **B.  Plaintiff's Complaint Should Be Dismissed for Lack of Subject Matter Jurisdiction.**

Additionally, Plaintiff's Response does nothing to establish that this Court has jurisdiction over the subject matter of this lawsuit. Plaintiff has not properly alleged ownership of a valid, federally-registered copyright. Beyond Plaintiff's bare assertions, there are no facts alleged that establish Plaintiff's ownership of valid federally registered copyrights. And where a copyright is not federally registered, federal courts do not have jurisdiction of a copyright infringement claim brought pursuant to 17 U.S.C. § 101, et seq. 17 U.S.C. § 411; *Just Water Heaters v. Affordable Water Heaters and Plumbing, Inc.*, 2006 U.S. Dist. LEXIS 9006, *7 (N.D. Cal. Feb. 23, 2006) (dismissing a copyright infringement claim where the plaintiff did not plead possession of a certificate of registration). Plaintiff's Complaint should, therefore, be dismissed for lack of subject matter jurisdiction.

### III.
### CONCLUSION

Plaintiff's Complaint does not comply with the Federal Rules of Civil Procedure or the Supreme Court's recent teachings in *Twombly*. Plaintiff's Complaint alleges no facts sufficient to give Legacy and Solomon fair notice as to the nature of Plaintiff's claim or the grounds upon which it rests. Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted. Next, Plaintiff's Response does nothing more than restate the bare assertions set forth in its fatally defective Complaint, which pleads no facts sufficient to support its allegation of ownership of a valid, federally-registered copyright. This fact, alone, divests this Court of jurisdiction over the subject matter and requires dismissal of Plaintiff's Complaint.

///
///

1    Defendants Legacy Decorative Concrete Systems, Inc. and Solomon Colors, Inc.
2    respectfully request that the Court dismiss with prejudice Plaintiff's Complaint, award
3    Defendants their fees and costs and for such other and further relief as the Court deems
4    just and proper.

6                                            KLINEDINST PC

8    DATED: March 18, 2008          By:   /s/ Gregor A. Hensrude
9                                         GREGOR A. HENSRUDE
                                           Attorneys for Defendants
10                                         LEGACY DECORATIVE CONCRETE
                                           SYSTEMS, INC. and SOLOMON
11                                         COLORS, INC.

12   7101-1001 570884v1

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101