# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROLINE CONCERTE TOOLS, INC., a California corporation,,<br><br>                Plaintiff,<br><br>vs.<br><br>GORD DENNIS, an individual, CADILLAC CONCRETE PRODUCTS, LTD., an unknown business form located in British Columbia, Canada, CREATIVE URETHANE CONCEPTS, INC., a South Carolina Corporation, UNIVERSAL BUILDING PRODUCTS, INC., an Illinois Corporation, LEGACY DECORATIVE CONCRETE SYSTEMS , INC., an Illinois Corporation, SOLOMON COLORS, INC., an Illinois Corporation, and DOES 1 through 20, inclusive,<br><br>                Defendants. | CASE NO. 07cv2310-LAB (AJB)<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>[Dkt No. 4] |

      This copyright infringement action is before the court on a Motion To Dismiss the Complaint ("Motion") brought by two of the several named defendants, Legacy Decorative Concrete Systems, Inc. and Solomon Colors, Inc. (collectively "Defendants"). Plaintiff Proline Concrete Tools, Inc. ("Proline") filed an Opposition, and Defendants filed a Reply. Pursuant to Civil Local Rule 7.1(d)(1), the court finds the issues presented appropriate for decision on the papers and without oral argument. For the reasons discussed below, the Motion is **DENIED**.

      Proline alleges it "creates and designs dimensional sculptures used to decorate concrete surfaces," among other activities, and it "owns copyrighted decorative concrete

1  stamps." Compl. ¶¶ 4, 19. Proline alleges it "has registered its copyrighted decorative
2  concrete stamps with the United States Copyright Office" and "has "complied in all respects
3  with 17 U.S.C. §§ 101, *et seq.*, and secured the exclusive rights and privileges in and to the
4  copyrights of" its concrete stamps. Compl. ¶¶ 20, 22.  The Complaint identifies two
5  individuals, Jeff Irwin and Paul Sowa, who authored the decorative concrete stamps at issue
6  in this litigation, and represents those individuals transferred all their rights in them to Proline,
7  with Proline "the sole proprietor of all rights, title, and interest in and to the copyrights in" the
8  decorative concrete stamps they authored.  Compl. ¶¶ 20-22.

9        Proline further alleges Defendants "have misappropriated Plaintiff's copyrighted
10 decorative concrete stamps" for their "own profit and advantage" and have rejected Proline's
11 demand they "stop copying and selling Plaintiff's copyrighted decorative stamps without [its]
12 consent," refusing "to cease their infringing activities." Compl. ¶¶ 15-16.  Consequently,
13 "Defendants have realized and continue to realize profits and other benefits rightfully
14 belonging to Plaintiff" through conduct that "violates the exclusive rights belonging to Plaintiff
15 as owner of the copyrights in its decorative concrete stamps." Compl. ¶¶ 23, 24.  Proline
16 seeks declaratory relief, an injunction prohibiting Defendants from copying and reselling any
17 of Proline's copyrighted decorative concrete stamps, an accounting of all "gains, profits, and
18 advantages derived by Defendants by their infringing of Plaintiff's copyrights," statutory
19 damages due to the allegedly intentional nature of Defendants' wrongful conduct, and costs
20 and fees.  Compl. Prayer, pp. 6-7, ¶¶ A-E.  Proline does not allege in the Complaint any
21 details such as the copyright registration numbers, dates of registration, or the like, and
22 attached no exhibits to its Complaint.  Nevertheless, Defendants cite no authority for the
23 proposition that level of detail is required in an initial pleading before the Complaint may be
24 construed as presenting a cognizable copyright infringement claim when the gravamen of
25 the alleged wrongdoing is plain even without that specificity.

26       Defendants move to dismiss the Complaint in reliance on F<small>ED</small>. R. C<small>IV</small>.P. ("Rule")
27 12(b)(1) (lack of subject matter jurisdiction) and on Rule 12(b)(6) (failure to state a claim
28 upon which relief can be granted).  They facially attack subject matter jurisdiction,

contending dismissal is warranted under Rule 12(b)(1) because Proline purportedly failed to allege the required elements plaintiff "owns a *valid* copyright" and to allege "the defendant copied constituent elements of the work that are original." Mot. 3:14-15 (emphasis in original). They contend Proline has not alleged sufficient facts to satisfy either of those elements required to state a *prima facie* case for copyright infringement.[1] Mot. 3:13-14.

Defendants also contend dismissal is warranted under Rule 12(b)(6) standards testing the sufficiency of complaints (*see* Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)), because Proline's Complaint purportedly contains only "bare assertions and conclusory allegations." Mot. 5:17-18. The court disregards Defendants' companion assertion "Plaintiff does not hold a valid federally registered copyright" (Notice of Motion 2:2:15) because such a contention raises a factual dispute inappropriate for decision under either of the Motion's Rule12 theories and in the absence of any evidentiary record.

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 511 (2002), *quoting* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (overruled in part on other grounds).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, -- U.S. --, 127 S.Ct. 1955, 1964 (May 21, 2007), *quoting* Conley v. Gibson, 355 U.S. 41, 47 (1957).[2]

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations; . . . a plaintiff's obligation to provide "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic

---

[1] Defendants cite, *inter alia*, Feist Pub, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991) substantiating the elements of a claim for copyright infringement are: (1) plaintiff owns a valid copyright; and (2) the defendant copied constituent elements of the work that are original. Obviously, if it is enough to plead the defendant copied original constituent elements, it is surely enough to plead the defendant copied the entire original work, as Proline alleges here.

[2] The Bell Atlantic court narrowed somewhat the Conley articulation of the Rule 12(b)(6) standard.

> recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

Bell Atlantic, 127 S.Ct. at 1964-65 (citations omitted).

While acknowledging Rule 8 requires the pleading of only enough factual allegations to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Defendants summarily contend Proline's Complaint pleads only "labels and conclusions, and a formulaic recitation of the elements of a cause of action" rather than facts providing "fair notice of what the plaintiff's claim is and the ground upon which it rests." Mot. 5:21-24, *quoting* Bell Atlantic; Mot. 6:4-6. They acknowledge the Complaint identifies a cognizable legal theory (*i.e.*, copyright infringement), but argue it fails to allege sufficient facts under that theory to state a claim upon which relief can be granted. Mot. 5:26-6:7, *citing, inter alia*, Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); Swierkiewicz, 534 U.S. at 512.

A court deciding a Rule 12(b)(1) facial attack on a complaint observes on behalf of the nonmoving party the same protections that party would receive in defending against a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See* Doe v. Schachter, 804 F. Supp. 53, 57 (N.D. Cal. 1992) ("[w]here there is a facial attack on the court's subject matter jurisdiction -- that is, the defendant argues that the allegations of jurisdiction included in the complaint fail on their face to establish that jurisdiction exists -- the plaintiff enjoys safeguards akin to those applied when a Rule 12(b)(6) motion is made") (citations omitted). In determining whether a complaint states a claim, the Court accepts all allegations of material fact as true and construes them in the light most favorable to the non-moving party. Cedars-Sinai Medical Center v. National League of Postmasters, 497 F.3d 972, 975 (9th Cir. 2007). Construed in that light, a complaint will be dismissed as a matter of law only if (1) it lacks a cognizable legal theory, or (2) it pleads insufficient facts under a cognizable legal claim.[3] Robertson, 749 F.2d at 534.

---

[3] The Robertson court applied the Conley standard, but this court finds under either Conley or Bell Atlantic Proline's Complaint allegations are "enough to raise a right to relief above the speculative level." Bell Atlantic, 127 S.Ct. at 1965.

Defendants contend, in particular, they are entitled from the initial pleading to "fair notice as to [1] the existence of a valid copyright, [2] the specific product being infringed, [3] the nature of the infringement, [and 4] when the infringement allegedly occurred." Mot. 6:8-10. Addressing their first two alleged pleading deficiencies, as quoted above and below, Proline repeatedly refers in the Complaint to its ownership of registered copyright(s) in its decorative concrete stamps and asserts it has fully complied with 17 U.S.C. §§ 101, *et seq.*, covering the procedures and scope of "copyright protection subsist[ing] . . . in original works of authorship fixed in any tangible medium of expression. . . ." 17 U.S.C. § 102.  If Proline proves those allegations, which it is not required to do at this stage in the litigation, it will have demonstrated it holds a "valid copyright," disposing of Defendants' first alleged pleading deficiency.  Proline alludes multiple times in the Complaint to "decorative concrete stamps" as the subject matter of its copyright(s), disposing of Defendants' second suggestion they are unable to respond to the Complaint because they cannot identify from the pleading the object of the litigation.

The court also finds Defendants have adequate notice from the face of the pleading that the nature of the misconduct is alleged to be "misappropriat[ing] Plaintiff's copyrighted decorative concrete stamps" without the owner's (Proline's) permission for Defendants' own profit and gain and willfully failing to "stop copying and selling" those stamps after receiving Proline's demand they desist.  Compl. ¶¶ 14-16.  Finally, with respect to the timing of the infringement, only one actual date is referenced in the allegations:  "On or about 1991, Plaintiff created certain decorative concrete stamps."  Compl. ¶ 13.  However, Proline alleges the misappropriation and infringement were on-going at the time it filed its Complaint (Compl. ¶ 16), and any limitations period or actual duration of the alleged infringement time frame are evidentiary matters to be substantiated through discovery.  For pleading purposes, the Complaint alleges the infringement began sometime after Proline began creating "certain decorative concrete stamps" "in 1991" (Compl. ¶13) and continued through the time Proline filed its Complaint (Compl. ¶ 16).

\\

In summary, applying the standards of Rules 8, 12(b)(1), and 12(b)(6), and assuming the truth of the Complaint allegations, the court finds Proline's pleading adequately informs Defendants they are being sued for the alleged infringement of properly registered copyrights Proline owns, the copyrights cover decorative concrete stamp designs originating with two particular design "authors" who transferred their rights to Proline, the infringement consists of misappropriating and using the designs without permission for Defendants' own gain and profit, and the misappropriation continues through the present time.  Contrary to Defendants' characterization, the Complaint thus pleads factual detail beyond labels and conclusions or a mere formulaic recitation of the elements of a cause of action.  Both the "nature" of the claims and the "grounds" or basis for the action are pled adequately to survive Rule 12(b)(1) and Rule 12(b)(6) scrutiny.  The Motion is accordingly **DENIED**.

**IT IS SO ORDERED**.

DATED: April 4, 2008

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge