1  SULLIVAN, HILL, LEWIN, REZ & ENGEL
   A Professional Law Corporation
2  Jeffrey D. Lewin, SBN 68202
   Barton L. Jacka, SBN 154116
3  550 West "C" Street, Suite 1500
   San Diego, California 92101
4  Telephone: (619) 233-4100
   Fax Number: (619) 231-4372
5
   Attorneys for Defendant,
6  Creative Urethane Concepts, Inc.

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11 PROLINE CONCRETE TOOLS, INC., a        )    Case No. 3:07-cv-2310-LAB (AJB)
   California Corporation,                )
                                          )    **MEMORANDUM OF POINTS AND**
12              Plaintiff,                 )    **AUTHORITIES IN SUPPORT OF**
                                          )    **MOTION OF CREATIVE**
13 v.                                      )    **URETHANE CONCEPTS, INC.**
                                          )    **UNDER F.R.C.P., RULE 12(E) FOR**
14 GORD DENNIS, an individual;            )    **A MORE DEFINITE STATEMENT**
   CADILLAC CONCRETE PRODUCTS,            )
15 LTD., an unknown business form located )
   in British Columbia, Canada; CREATIVE  )    Judge: The Hon. Larry Alan Burns
16 URETHANE CONCEPTS, INC., a South       )    Courtroom: 9
   Carolina Corporation; CLYDE COBB, an   )    Hearing Date: July 21, 2008
17 individual; UNIVERSAL BUILDING         )    Time: 11:15 a.m.
   PRODUCTS, INC., an Illinois            )
18 Corporation; LEGACY DECORATIVE         )
   CONCRETE SYSTEMS, INC., an Illinois    )
19 Corporation; STEPHEN JOHNSON, an       )
   individual; CHARLES KREUTZER, an       )
20 individual; SOLOMON COLORS, INC.,      )
   an Illinois Corporation; RICHARD       )
21 SOLOMON, an individual; GINA           )
   SOLOMON, an individual; and DOES 1     )
22 through 20, inclusive,                 )
                                          )
23              Defendants.               )
   _____)

24

25                                 I.

26                          **INTRODUCTION**

27       Proline Concrete Tools, Inc. ("Proline") has sued Creative Urethane Concepts, Inc. ("CUC")

28 and others for allegedly infringing on Proline's copyright to "decorative concrete stamps" but has

1  refused to identify or even to describe the stamped allegedly copied.  Proline's refusal is inexplicable

2  and jeopardizes CUC's ability to defend itself.

3       In Proline's original complaint, Proline claimed that it had registered the "decorative

4  concrete stamps" at issue but provided no information - description, facsimile, copyright number or

5  otherwise - from which CUC could determine <u>what</u> "decorative concrete stamps" it allegedly copied.

6  In response to inquiries by CUC seeking some sort of information about the "decorative concrete

7  stamps" at issue, Proline filed an amended complaint dropping its claim that the copyright to the

8  "decorative concrete stamps" had been registered.  In the amended complaint, Proline claimed that it

9  was pursuing this case under 17 U.S.C. Section 411, which allows a plaintiff conditionally to

10  institute an action for copyright infringement when the Copyright Office refuses plaintiff's

11  application for registration.

12       Again, however, Proline has failed to provide <u>any</u> information from which CUC reasonably

13  can determine what "decorative concrete stamps" Proline alleges were copied.  Proline has provided

14  no description, photograph, facsimile, information about the rejected application:  nothing.

15       CUC cannot reasonably be expected to respond to a complaint that alleges it wrongfully

16  copied "decorative concrete stamps" without the slightest inkling of what Proline alleges was copied.

17  Accordingly, CUC seeks an order from this Court requiring Proline to amend its amended complaint

18  to provide a more definite statement in this regard.

19                                    **II.**

20                                  **FACTS**

21       Proline's complaint filed on December 10, 2007 alleged that CUC and others infringed on

22  Proline's copyright to "decorative concrete stamps."  <u>See</u> December 10, 2007 complaint, ¶¶ 4, 5. 13-

23  16 and 19-23.  The complaint did provide some pertinent names, such as "Jeff Irwin and Paul Sowa"

24  as "the authors of the decorative concrete stamps who have transferred all their rights to [Proline],"

25  but it also claimed that Proline had "registered its copyrighted decorative concrete stamps with the

26  United States Copyright Office."  <u>Id.</u>, at ¶¶ 20-22.

27       Following CUC's failed effort to find a registration for Proline's or for Messrs. Sowa's or

28  Irwin's copyright, CUC asked Proline on April 22, 2008 to provide "either the copyright numbers or

1    a copy of the deposit of the 'decorative concrete stamps' that are at issue in this case." Declaration

2    of Barton L. Jacka, ¶ 3 and exh. 1. Proline responded to this letter by informing CUC on May 2,

3    2008 that the copyright for the "decorative concrete stamps" had not been registered and that,

4    instead, Proline had applied for a registration and registration had been refused. Id., ¶ 4.

5        Proline then filed an amended complaint (the "amended complaint") on April 30, 2008. The

6    amended complaint no longer incorrectly states that the copyright for the "decorative concrete

7    stamps" has been registered with the Copyright Office. Instead, the amended complaint alleges that

8    Proline "has complied with 17 U.S.C. §§ 409 and 411 regarding its decorative concrete stamps." Id.,

9    at ¶ 25. These provisions allow a plaintiff conditionally to institute an application for copyright

10   infringement when its application for registration has been refused.

11       Again, however, Proline has failed to provide any information about what "decorative

12   concrete stamps" it alleges were copied. The amended complaint contains several allegations about

13   Proline's ownership of the "decorative concrete stamps" and about CUC's alleged wrongful copying

14   of these stamps. Id., at ¶¶ 4-5, 18-21 and 24-28. There is nothing in the amended complaint,

15   however - no description, facsimile, photograph, copyright application information or anything else -

16   from which CUC can determine what it is that it allegedly wrongfully copied. Moreover, Proline has

17   not responded to CUC's request for this information. Jacka decl., ¶¶ 5-7 and exh. 2. Accordingly,

18   CUC cannot reasonably respond to the complaint.

19                                   **III.**

20                              **ARGUMENT**

21       "A party may move for a more definite statement of a pleading to which a responsive

22   pleading is allowed but which is so vague or ambiguous that the party cannot responsibly prepare a

23   response. The motion must be made before filing a responsive pleading and must point out the

24   defects complained of and the detailed desired. If the court orders a more definite statement and the

25   order is not obeyed within 10 days after notice of the order or within the time the court sets, the court

26   may strike the pleading or issue any other appropriate order." F.R.C.P., Rule 12(e).

27

28

1   It is proper to file a motion for a more definite statement in instances in which a motion

2   under Rule 12(b)(6) to dismiss for failure to state a claim cannot be granted. See Harman v. Valley

3   National Bank of Arizona, 339 F.2d 564, 567 (9th Cir. 1964).[1]

4   "A properly pled copyright infringement claim must allege 1) which specific original works

5   are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the

6   copyrights have been registered in accordance with the statute, and 4) by what acts during what time

7   the defendant infringed the copyright." Kelly v. L.L. Cool J., 145 F.R.D. 32, 36 (S.D.N.Y. 1992);

8   see also Gee v. CBS, Inc., 471 F.Supp. 600, 643 (E.D. Penn. 1979); Franklin Electronic Publishers,

9   Inc. v. Unisonic Products Corp., 763 F.Supp. 1 (S.D.N.Y. 1991).

10   The requirement set forth in Gee, supra, and followed in Kelly, supra, "that the complaint

11   state which particular work is the subject of a copyright claim", was followed by this court in Four

12   Navy Seals v. Associated Press, 413 F.Supp. 2d 1136, 1147-48 (S.D. Cal. 2005), which treated a

13   motion to dismiss a claim for copyright infringement for failure to comply with the pleading

14   standards of Rule 8 "as a motion to compel a more definite statement under Rule 12(e)." The court,

15   in granting the implied Rule 12(e) motion, held that plaintiffs' "asserti[on] that, of 1800 photographs

16   in Jane Doe's 'smugmug' account, at least one unidentified photograph has been copyrighted by an

17   unidentified 'NAVY SEAL ONE' [note] and was distributed by Defendants does not put Defendants

18   or the court on sufficient notice of the copyright claim. The Complaint does not identify exactly

19   which works Defendants infringed, and Plaintiffs have not indicated when the works were

20   registered."

21   In Kelly, supra, the court granted defendant's motion for a more definite statement as to the

22   second and third elements of copyright infringement, but denied defendant's motion as to the first

23   ("which specific original works are the subject of the copyright claim"). The court held that because

24   "Kelly specifically alleges the two original songs which are the subjects of the claim" - "Dance to

25

26

27   [1] On April 4, 2008, this Court denied the motion to dismiss under Rules 12(b)(1) and (6) brought by Legacy Decorative Concrete Systems, Inc. and Solomon Colors, Inc.; neither party made a Rule 12(e) motion, however.

28

1  the Drummer's Beat" and "What You're Going To Do, Tell You What" - the case was

2  distinguishable from Cole v. Allen, 3 F.R.D. 236 (S.D.N.Y. 1942), in which plaintiff was required,

3  under the former version of Rule 12(e) seeking a bill of particulars, to provide more information

4  even though "plaintiff alleged that the defendant copied episodes and incidents from any of six

5  books." Kelly, supra, 145 F.R.D. at 36, n. 3.

6        Proline has allegedly only the subject matter of the works allegedly infringed - "decorative

7  concrete stamps." It has not provided even the kind of information pled by plaintiffs in Cole, Kelly

8  or Four Navy Seals, supra, which at least provided defendants with a limited universe of possible

9  subjects of the claim. Proline has not pled any facts from which CUC can rationally determine what

10  the "decorative concrete stamps" at issue look like. Because of Proline's failure to register its

11  alleged copyright, CUC cannot seek information from the Copyright Office. Without a facsimile or

12  photograph of the "decorative concrete stamps" or a copy or application number - of Proline's

13  alleged application for registration, CUC cannot reasonably determine what works are at issue and

14  therefore cannot either respond to the amended complaint or, for that matter, determine what kinds

15  of documents conceivably comport with its initial disclosure requirements under F.R.C.P., Rule 26.

16                                           **IV.**

17                          **CONCLUSION**

18        CUC respectfully requests that this Court order Proline to amend the amended complaint to

19  provide sufficient information about the "decorative concrete stamps" at issue (facsimile, photograph

20  or copy of Proline's alleged application for registration) so that CUC can reasonably determine what

21  it is Proline alleges CUC wrongfully copied.

22  

23  Dated:     May 19, 2008              SULLIVAN, HILL, LEWIN, REZ & ENGEL

24                                       A Professional Law Corporation

25  

26                         By:                                                                                                       Barton L. Jacka

27                                       Attorneys for Defendant

                                         Creative Urethane Concepts, Inc.

28