**TORY M. PANKOPF, ESQ., SBN 202581**
**LAW OFFICES OF TORY M. PANKOPF**
611 Sierra Rose Drive
Reno, Nevada 89511
Telephone: (530) 725-8263
Facsimile: (530) 725-8264
**tppankopf@sbcglobal.net**

Attorneys for Plaintiff
PROLINE CONCRETE TOOLS, INC.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROLINE CONCRETE TOOLS, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GORD DENNIS, an individual, CADILLAC CONCRETE PRODUCTS, LTD., an unknown business form located in British Columbia, Canada, et. al.<br><br>Defendants. | CASE NO: **07 CV 2310 LAB AIB**<br><br>**RESPONSE TO MOTION FOR A MORE DEFINITE STATEMENT**<br><br>Date:   July 21, 2008<br>Time:   11:15 a.m.<br>Dept:   9/2nd Floor<br>Judge:  Larry A. Burns<br><br>**ORAL ARGUMENT NOT REQUIRED** |

**TO THE COURT AND ALL INTERESTED PARTIES:**

Plaintiff PROLINE CONCRETE TOOLS, INC. ("Plaintiff") hereby files its response to Defendants', CREATIVE URETHANE CONCEPTS, INC. ("CUC"), ("Defendant")(collectively "Parties"), motion for a more definite statement.

////

////

Law Offices of
**Tory M. Pankopf**
611 Sierra Rose Drive
Reno, NV 89511
(530) 725-8263

- 1 -

Response to Motion for a More Definite Statement

## MEMORANDUM OF POINTS AND AUTHORITIES

**A. Statement of Case and Facts.**

As alleged in the complaint, this case arises out of the Defendants' misappropriation of Plaintiff's copyrighted decorative concrete stamps.

On or about 1991, Plaintiff created certain decorative concrete stamps. The Plaintiff owns the copyrights to the decorative concrete stamps that are the subject of this litigation. For their own profit and advantage the Defendants have misappropriated Plaintiff's copyrighted decorative concrete stamps. Plaintiff has demanded that Defendants stop copying and selling Plaintiff's copyrighted decorative stamps without their consent. Defendants have refused to cease their infringing activities. Defendants' conduct has been willful.

Plaintiff owns copyrighted decorative concrete stamps. Messrs. Jeff Irwin and Paul Sowa are the authors of the decorative concrete stamps who have transferred all their rights to the Plaintiff. Plaintiff has complied in all respects with 17 U.S.C. §§ 101 et seq., in particular Section 411, thus, securing the exclusive rights and privileges in and to the copyrights of the above-referenced works. Plaintiff has been and still is the sole proprietor of all rights, title, and interest in and to the copyrights in their respective works as referenced above. Defendants' conduct violates the exclusive rights belonging to Plaintiff as owner of the copyrights in its decorative concrete stamps, including without limitation Plaintiff's rights under 17 U.S.C. § 106.

**B. Legal Standard re Motion for a more Definite Statement.**

Rule 12(e) provides, in pertinent part:

> "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement...."

The decision to grant or deny a motion for a more definite statement pursuant to FRCP 12(e) is committed to the Court's sound discretion. *See Sheffield v. Orius Corp.*, 211 F.R.D. 411, 414 (D.Or.2002). Because of the limited pleading requirements of the Federal Rules, it has been

Law Offices of
**Tory M. Pankopf**
611 Sierra Rose Drive
Reno, NV 89511
(530) 725-8263

- 2 -

Response to Motion for a More Definite Statement

noted that "[m]otions for a more definite statement are viewed with disfavor, and are rarely granted." *See Margarita Cellars v. Pac. Coast Packaging,* 189 F.R.D. 875, 878 (N.D.Cal.1998); *McQueen v. Woodstream Corp.,* 2007 WL 2284747, at *7 (D.D.C.2007). Indeed, FRCP 8(a)(2) only requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The main purpose of a pleading is to put the opposing party on notice of the nature of the parties' claims and defenses and afford the opposing party a chance to argue why the defense is unfounded. *See Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found.,* 402 U.S. 313, 350 (1971). As such, each party must set forth enough details so as to provide the opposing party and the Court with a fair idea of the basis of the claims and the asserted defenses, and the legal grounds for recovery. See *Self Directed Placement Corp. v. Control Data Corp.,* 908 F.2d 462 (9th Cir.1990). Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain a short, plain statement of the claim, indicating that the plaintiff is entitled to relief. "[A] complaint is sufficient if it 'will give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " *Mathes v. Nugent,* 411 F.Supp. 968 (N.D.Ill.1976), citing *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

The standard for granting a motion for a more definite statement is whether the complaint is so vague that a party cannot reasonably be required to frame a responsive pleading. *See McDougall v. Donovan* 552 F.Supp. 1206, 1208 (D.C.Ill.,1982), citing *5 Wright & Miller*, Federal Practice and Procedure § 1216 (1969).

**1. Copyright Infringement Claim.**

To establish a copyright infringement claim, plaintiffs must allege (1) that they own valid copyrights and (2) that defendant copied constituent elements of the work that are original. *Feist Pub.. Inc. v. Rural Tel. Serv. Co., Inc.,* 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991).

Law Offices of
**Tory M. Pankopf**
611 Sierra Rose Drive
Reno, NV 89511
(530) 725-8263

- 3 -

Response to Motion for a More Definite Statement

**a) Argument.**

**1) Four Navy Seals v. Associated Press.**

The Defendant mistakenly contends that the court in *Four Navy Seals v. Associated Press*, 413 F.Supp.2d 1136, 1148 (S.D.Cal.,2005) followed the rule in *Gee v. CBS, Inc.*, 471 F.Supp. 600, 643 (E.D. Penn. 1979) and *Kelly v. L.L. Cool J.*, 145 FRD 32, 36 (S.D.N.Y. 1992). The observation made by the court in *Four Navy Seals* is pure dictum. The *Four Navy Seals* court merely observed that "[S]ome courts have interpreted Rule 8(a)(2) as requiring that the complaint state which particular work is the subject of a copyright claim." See *Four Navy Seals* at 1148. The court does not adopt the rule nor does it conclude that the Ninth Circuit has adopted it. The court observed that the pleading alleged the plaintiffs owned about 1800 photographs and that 1 of the plaintiffs had copyrighted 1 of the photographs. *Id*. The court concluded that merely asserting that, of 1800 photographs in Jane Doe's "smugmug" account, at least one unidentified photograph has been copyrighted by an unidentified "NAVY SEAL ONE" and was distributed by Defendants does not put defendants or the court on sufficient notice of the copyright claim. *Id*.

*Four Navy Seals* is quite distinguishable from the case at bar. First, the Plaintiff does not allege it has over 1800 decorative concrete stamps and that only 1 of the copyrights have been infringed. Second, the pleading has identified the persons who owned the copyright and who assigned it to the Plaintiff. As such, the vagueness and ambiguity that existed in the *Four Navy Seals* case does not exist in this action.

The standard for granting a motion for a more definite statement is whether the complaint is so vague that a party cannot reasonably be required to frame a responsive pleading. *McDougall* supra. Here, the Plaintiff has set forth enough details so as to provide the opposing party and the Court with a fair idea of the basis of its claims, and the legal grounds for recovery. Because the standard has not been met the motion should be denied.

Law Offices of
**Tory M. Pankopf**
611 Sierra Rose Drive
Reno, NV 89511
(530) 725-8263

- 4 -

Response to Motion for a More Definite Statement

**C. Conclusion.**

    For the foregoing reasons, the Defendants' motion should be denied.

DATED: This 7th day of July, 2008    *Law Offices of Tory M. Pankopf*

                                     By:    /S/ TORY M. PANKOPF
                                                  TORY M. PANKOPF, ESQ.
                                                  *Attorney for Plaintiff*
                                                  PROLINE CONCRETE TOOLS, INC.

Law Offices of
**Tory M. Pankopf**
611 Sierra Rose Drive
Reno, NV 89511
(530) 725-8263