| | |
|---|---|
| 1 | SULLIVAN, HILL, LEWIN, REZ & ENGEL |
| | A Professional Law Corporation |
| 2 | Jeffrey D. Lewin, SBN 68202 |
| | Barton L. Jacka, SBN 154116 |
| 3 | 550 West "C" Street, Suite 1500 |
| | San Diego, California 92101 |
| 4 | Telephone: (619) 233-4100 |
| | Fax Number: (619) 231-4372 |
| 5 | |
| 6 | Attorneys for Defendant, Creative Urethane Concepts, Inc. |

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROLINE CONCRETE TOOLS, INC., a California Corporation, | Case No. 3:07-cv-2310-LAB (AJB) |
| Plaintiff, | **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CREATIVE URETHANE CONCEPTS, INC. UNDER F.R.C.P., RULE 12(E) FOR A MORE DEFINITE STATEMENT** |
| v. | |
| GORD DENNIS, an individual; CADILLAC CONCRETE PRODUCTS, LTD., an unknown business form located in British Columbia, Canada; CREATIVE URETHANE CONCEPTS, INC., a South Carolina Corporation; CLYDE COBB, an individual; UNIVERSAL BUILDING PRODUCTS, INC., an Illinois Corporation; LEGACY DECORATIVE CONCRETE SYSTEMS, INC., an Illinois Corporation; STEPHEN JOHNSON, an individual; CHARLES KREUTZER, an individual; SOLOMON COLORS, INC., an Illinois Corporation; RICHARD SOLOMON, an individual; GINA SOLOMON, an individual; and DOES 1 through 20, inclusive, | Judge: The Hon. Larry Alan Burns |
| | Courtroom: 9 |
| | Hearing Date: July 21, 2008 |
| | Time: 11:15 a.m. |
| Defendants. | |

///

///

///

///

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Proline Concrete Tools, Inc. ("Proline") fails to provide the slightest factual or legal justification for its continued refusal to disclose <u>anything</u> about the "decorative concrete stamps" at issue in this case that would give Creative Urethane Concepts, Inc. ("CUC") some inkling into what it is alleged to have wrongfully copied.  Instead, Proline argues that the rule articulated in <u>one</u> of the <u>four</u> cases on which CUC relies for the proposition that a plaintiff must "allege … which specific original works are the subject of the copyright claim" is "pure dictum."  Proline is not only wrong about the particular case, but also is wrong about the underlying rule:  if Proline is going to sue for copyright infringement, it has an obligation to allege which specific works were copied.  Proline's failure to include this basic information in its complaint deprives CUC of the ability reasonably to respond.

This Court should order Proline to amend its amended complaint to provide a more definite statement.

### II.

### ARGUMENT

As Proline points out, this Court stated in <u>Four Navy Seals v. Associated Press</u>, 413 F.Supp. 2d 1136, 1148 (S.D. Cal. 2005):  "<u>Some courts</u> have interpreted Rule 8(a)(2) as requiring that the complaint state which particular work is the subject of a copyright claim" (emphasis added; citing <u>Gee v. CBS, Inc.</u>, 471 F.Supp. 600, 643 (E.D.Pa. 1979); and <u>Bespaq Corp. v. Haoshen Trading Co.</u>, 2005 WL 14841 (N.D. Cal. 2005)).  Proline argues that this Court's use of the words "[s]ome courts" renders as "pure dictum" the statement:  "requiring that the complaint state which particular work is the subject of a copyright claim."

This argument would be more persuasive if, immediately following this sentence, this Court had not <u>granted</u> defendants' motion for a more definite statement <u>precisely on these grounds</u>:

/ / /

/ / /

> Plaintiffs <u>have not clearly pleaded the first element of infringement, ownership of a valid copyright</u>. Merely asserting that, of 1800 photographs in Jane Doe's "smugmug" account, at least one unidentified photograph has been copyrighted by an unidentified "NAVY SEAL ONE" [note] and was distributed by Defendants does not put Defendants or the court on sufficient notice of the copyright claim. <u>The Complaint does not identify exactly which works Defendants infringed</u>, and Plaintiffs have not indicated when the works were registered. Defendants' implied motion to compel a more definite statement is GRANTED. Plaintiffs may amend their Complaint to clarify the allegations concerning the copyrighted items, pursuant to Federal Rule of Civil Procedure 12(e).

<u>Id.</u> (emphasis added).

It also is quite true, as Proline points out, that the complaint at issue in <u>Four Navy Seals</u>, <u>supra</u>, alleged that one plaintiff had an account containing 1800 photographs, that one unidentified photograph was copyrighted by another plaintiff and that that copyrighted photograph was wrongfully copied. <u>Id.</u> Proline, of course, does not allege that it has 1800 concrete decorative stamps, that one was copyrighted and that the copyrighted one was wrongfully copied.

No, Proline does not provide any numbers at all. One cannot determine from the amended complaint whether Proline has copyrighted 2, 1800 or 4000 concrete decorative stamps or whether CUC is alleged to have infringed on Proline's copyright to 1 or every single one of them.

Further, Proline does not address any of the other cases on which CUC relies: <u>Kelly v. L.L. Cool J.</u>, 145 F.R.D. 32, 36 (S.D.N.Y. 1992); <u>Gee v. CBS, Inc.</u>, 471 F.Supp. 600, 643 (E.D.Penn. 1979) (plaintiff was required to allege <u>which songs</u> were wrongfully copied, not just that songs authored by decedent during a particular period were wrongfully copied); and <u>Franklin Electronic Publishers, Inc. v. Unisonic Products Corp.</u>, 763 F.Supp. 1 (S.D.N.Y. 1991) - each of which supports the rule set forth in <u>Four Navy Seals</u>, <u>supra</u>.

Without knowing what it allegedly wrongfully copied, CUC - assuming for the sake of argument that it has sold stamps that resemble Proline's - cannot determine whether it has any affirmative defenses or what they might be. For that matter, CUC has no way of knowing whether what it considers to be a "concrete decorative stamp" is the same thing that Proline considers to be a

::ODMA\PCDOCS\PCDOCS\286211\1        3        Case No. 3:07-cv-2310-LAB (AJB)
**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

"concrete decorative stamp." Finally, as CUC has already pointed out, the allegations of the amended complaint are insufficient to allow CUC to obtain the needed information from the Copyright Office or to determine the scope of its disclosure requirements under Rule 26 of the Federal Rules of Civil Procedure.

## III.

## CONCLUSION

CUC respectfully requests that this Court order Proline to amend the amended complaint to provide sufficient information about the "decorative concrete stamps" at issue (facsimile, photograph or copy of Proline's alleged application for registration) so that CUC can reasonably determine what it is Proline alleges CUC wrongfully copied.

Dated: July 11, 2008

SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation

By: */s/ Barton L. Jacka*
Barton L. Jacka
Attorneys for Defendant
Creative Urethane Concepts, Inc.

**Proline Concrete Tools, Inc. v. Gord Dennis, et al.**
**USDC - Southern District  Case No. 37-cv-02310-LAB-AJB**

## PROOF OF SERVICE

I am employed in the City and County of San Diego by the law firm of Sullivan Hill Lewin Rez & Engel, 550 West C Street, Suite 1500, San Diego, California 92101. I am over the age of 18 and not a party to this action.

On July 11, 2008, I served the attached document(s):

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CREATIVE URETHANE CONCEPTS, INC. UNDER F.R.C.P., RULE 12(E) FOR A MORE DEFINITE STATEMENT**

on the parties, through their attorneys of record, by placing copies thereof in sealed envelopes (except for facsimile transmission), addressed as shown below, for service as designated below:

A. **BY U.S. MAIL.** I am readily familiar with Sullivan, Hill, Lewin, Rez & Engel's practice of collection and processing correspondence for mailing. Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

B. **BY FACSIMILE** machine pursuant to Rule 2008(e). The recipient's name and fax number that I used are as shown below. The facsimile machine that I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), a transmission report was properly issued by the transmitting facsimile machine.

C. **OVERNITE EXPRESS.** I caused such envelopes to be deposited in the Overnite Express Drop Box at San Diego, California.

I am personally and readily familiar with the business practice of this office for collection and processing correspondence for Overnite Express mailing. Under that practice it would be dropped in the drop box for the Overnite Express Service on that same day at San Diego, California in the ordinary course of business.

D. **FEDERAL EXPRESS.** I caused such envelopes to be deposited in the Federal Express Drop Box at San Diego, California.

I am personally and readily familiar with the business practice of this office for collection and processing correspondence for Federal Express mailing. Under that practice it would be dropped in the drop box for the Federal Express Service on that same day at San Diego, California in the ordinary course of business.

E. **BY PERSONAL SERVICE.** I delivered such envelope by hand to the offices of the addressee.

| SERVICE | ADDRESSEE | PARTY |
|---|---|---|
| A | Tory M. Pankopf<br>Law Offices of Tory M. Pankopf<br>611 Sierra Rose Drive<br>Reno, NV 89511<br>Tel: 530-725-8263<br>Fax: 530-725-8264 | Attorney for Plaintiff,<br>Proline Concrete Tools, Inc. |
| A | Gregor A. Hensrude<br>Greg A. Garbacz<br>Klinedinst Attorneys At Law<br>501 West Broadway, Suite 600<br>San Diego, CA 92101<br>Tel: 619-239-8131, ext. 2283<br>Fax: 619-238-8707 | Attorney for Defendants,<br>Legacy Decorative Concrete<br>Systems, Inc. and<br>Solomon Colors, Inc. |
| A | Keith J. Grady<br>Robert S. Kenney<br>Polsinelli, Shalton, Flanigan, Suelthaus PC<br>100 South Fourth Street, Suite 1100<br>St. Louis, MO 63102<br>Tel: 314-889-8000<br>Fax: 314-727-7166 | Attorney for Defendants,<br>Legacy Decorative Concrete<br>Systems, Inc. and<br>Solomon Colors, Inc. |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 11, 2008 at San Diego, California.

                                                     */s/ Rosette M.F. Tyner*
                                                      Rosette M.F. Tyner