# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROLINE CONCRETE TOOLS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GORD DENNIS, an individual, CADILLAC CONCRETE PRODUCTS, LTD., an unknown business form located in British Columbia, Canada, CREATIVE URETHANE CONCEPTS, INC., a South Carolina Corporation, UNIVERSAL BUILDING PRODUCTS, INC., an Illinois Corporation, LEGACY DECORATIVE CONCRETE SYSTEMS , INC., an Illinois Corporation, SOLOMON COLORS, INC., an Illinois Corporation, and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. 07cv2310-LAB (AJB)<br><br>**ORDER GRANTING MOTION FOR MORE DEFINITE STATEMENT**<br><br>[Dkt No 20] |

    This action is before the court on the FED. R. CIV. P. ("Rule") 12(e) motion of defendant Creative Urethane Concepts, Inc. ("CUC") for a more definite statement of the plaintiff's copyright infringement claim ("Motion"). CUC is one of eleven entity and individual defendants named in plaintiff Proline Concrete Tools, Inc.'s ("Proline") First Amended Complaint ("FAC"). Proline alleges each defendant is infringing its copyrighted decorative concrete stamp designs. Proline filed a Response in opposition to the Motion, and CUC filed a Reply. Pursuant to Civil Local Rule 7.1(d)(1), the court finds the issues presented

/ / /

appropriate for decision on the papers and without oral argument. For the reasons discussed below, the Motion is **GRANTED**.

Proline's initial Complaint survived a Motion To Dismiss for failure to state a claim and for lack of subject matter jurisdiction brought by two of the other named entity defendants under Rules 12(b)(1) and 12(b)(6). The Court found jurisdiction was proper and the "grounds" and the "nature" of the claims were discernable from the pleading. *See* Dkt No. 13. Proline nevertheless thereafter filed a First Amended Complaint ("FAC"), the current operative pleading. Dkt No. 16. No defendant appears to have filed an Answer to either of those pleadings.

The FAC, like the original Complaint, asserts two claims for relief: (1) federal copyright infringement; and (2) injunctive relief to protect Proline from further alleged "misappropriation of its copyrights." FAC ¶ 33. The FAC adds named defendants, but makes just one substantive change to the text of the Complaint in its statement of Proline's copyright Infringement claim. The Complaint alleged: "The Plaintiff *has registered* its copyrighted decorative concrete stamps with the United States Copyright Office." Dkt No. 1, ¶ 20 (emphasis added). The FAC alleges instead: "The Plaintiff has complied with 17 U.S.C. §§ 409 and 411 regarding its decorative concrete stamps." Dkt No. 16, ¶ 25. Those code sections, in pertinent part, codify, respectively, the required contents of an *Application* for copyright registration and establish that no copyright infringement action may be instituted "until preregistration or registration of the copyright claim has been made in accordance with this title. . . . " 17 U.S.C. §§ 409, 411(a). Despite the lack of any description from which the work(s) could be identified, the FAC, like the Complaint before it, nevertheless continues to allege: "Plaintiff *owns copyrighted* decorative concrete stamps" (FAC ¶ 24, Compl. ¶ 19) (emphasis added); "Jeff Irwin and Paul Sowa are the authors of the decorative concrete stamps who have transferred all their rights to the Plaintiff" (FAC ¶ 26, Compl. ¶ 21); and "Plaintiff has complied in all respects with 17 U.S.C. §§ 101 et seq.. and *secured the exclusive rights and privileges in and to the copyrights* of the above-referenced works. Plaintiff has been and still is the sole proprietor of all rights, title, and interest in and to *the*

*copyrights* in their respective works as referenced above" (FAC ¶ 27, Compl. ¶ 22) (emphasis added).

Rule 12(e) Motions are normally granted only when the moving party "literally cannot frame a responsive pleading." Bureerong v. Uvawas, 922 F.Supp. 1450, 1461 (C.D.Cal. 1996). Although courts do not reach the merits of a dispute in deciding a Rule 12(e) motion, the Court acknowledges the FAC's silence with respect to any description of the particular "decorative concrete stamp" designs at issue renders the subject matter of the litigation ambiguous. That ambiguity is heightened by CUC's discussion of its unsuccessful attempts to identify the particular stamps Proline means. CUC represents the Copyright Office has no record of any registered copyrights associated with Jeff Irwin, Paul Sowa, or Proline. Jacka Decl. Exh. 1. Defense counsel Barton L. Jacka, Esq. declares that on May 2, 2008, Proline's counsel, Tory M. Pankopf, Esq., told him by phone the "decorative concrete stamps" allegedly wrongfully copied by CUC had not actually been registered with the United States Copyright Office, but rather "Proline had applied for registration of the copyright and that registration had been rejected." Jacka Decl. ¶ 4. Proline's Opposition does not challenge the veracity of Mr. Jacka's representations under oath, except insofar as its brief continues summarily to allege: "Plaintiff owns the copyrights to the decorative concrete stamps that are the subject of this litigation" (Opp. 2:5-6); "Plaintiff owns copyrighted decorative concrete stamps" (Opp. 2:11); and "Plaintiff has complied in all respects with 17 U.S.C. § 101 et seq., in particular Section 411, thus, securing the exclusive rights and privileges in and to the copyrights of the above referenced works" (Opp. 2:13-15). The "above referenced works" continue to be described merely by repeating the sentence provided as Complaint ¶ 21 and as FAC ¶ 26: "Jeff Irwin and Paul Sowa are the authors of the [unspecified] decorative concrete stamps who have transferred all their rights to the Plaintiff." Opp. 2:11-13.

Proline has coyly avoided providing *any* description whatsoever, in any potentially recognizable form -- through two iterations of its pleading and through its Opposition to defendants' motions under three Rule 12(b) theories -- of the particular "decorative concrete

stamps" in which it claims a copyright the defendants are allegedly infringing. CUC substantiates Proline has provided no guidance whatsoever, formally or informally, in its pleadings or in response to CUC's efforts to elicit some "facts from which CUC can rationally determine what the 'decorative concrete stamps' at issue <u>look like</u>." Mot. P&A 5:9-11. Moreover, "[b]ecause of Proline's failure to register its alleged copyright, CUC cannot seek information from the Copyright Office." Mot. P&A 5: 9-11; Jacka Decl. Exhs. 1, 2. "Without a facsimile or photograph of the 'decorative concrete stamps' or a copy or application number of Proline's alleged application for registration, CUC cannot reasonably determine what works are at issue and therefore cannot either respond to the amended complaint or, for that matter, determine what kinds of documents conceivably comport with its initial disclosure requirements under F.R.C.P., Rule 26." Mot. P&A 5:11-15. CUC seeks a more definite statement on grounds the FAC is so vague and devoid of descriptive facts CUC is unable meaningfully to respond.

Although federal pleading standards under Rule 8(a)(2) require only "a short and plain statement of a claim showing that the pleader is entitled to relief," with discovery the normal vehicle to obtain the facts on which a pleading is based, Rule 12(e) provides litigants with a means to obtain a more definite statement when a complaint is so vague and ambiguous the defendant cannot reasonably be required to frame a responsive pleading.

> To establish . . . infringement of a copyright, two elements must be proven: (1) ownership of a valid copyright, and (2) **copying of constituent elements of the work that are original**. <u>Feist Publications, Inc. v. Rural Tel. Serv. Co.</u>, 499 U.S. 340 . . . (1991). Ownership consists of: (1) originality in the author; (2) copyrightability of the subject matter; (3) a national point of attachment of the work, such as to permit a claim of copyright; (4) compliance with applicable statutory formalities.

<u>Four Navy Seals v. Associated Press</u>, 413 F.Supp.2d 1136, 1147-48 (S.D.Cal. 2005) (emphasis added), *citing* Melville B. Nimmer & David Nimmer, Nimmer on Copyright, § 13.01 at 13-4 (2005) (granting defendants' motion to compel a more definite statement because the "Complaint **does not identify exactly which works Defendants infringed**, and Plaintiffs have not indicated when the works were registered," granting plaintiffs leave to

amend **"to clarify the allegations concerning the copyrighted items"** pursuant to Rule 12(e)) (emphasis added); see also Kelly v. L.L. Cool J., 145 F.R.D. 32, 36 (S.D.N.Y. 1992) ("A properly plead copyright infringement claim must allege 1) **which specific original works are the subject of the copyright claim**, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright," holding the first element was satisfied by the pleading of the titles of two specific songs the plaintiff had composed and copyrighted at specified times) (emphasis added)

Even if a complaint states a claim for relief, it may still be so vague and ambiguous a defendant cannot reasonably respond unless the plaintiff provides a more definite statement. The Court finds Proline's FAC is such a pleading. CUC persuasively argues until Proline provides some means by which it can determine "what it is Proline alleges CUC wrongfully copied" in the form of a "facsimile, a photograph, or a copy of a registration application" (Mot. P&A 5:20-21), CUC lacks even the most basic information from which to formulate its own factual and legal positions and defenses. In the case of an action predicated solely on a particular work or works allegedly protected by and misappropriated under copyright law, this court finds it is objectively unreasonable for a plaintiff to refuse to identify with any specificity whatsoever items(s) sought to be placed in issue from among an undifferentiated and undoubtedly large universe of potential designs, particularly when the defendant represents the Copyright Office found no record of the alleged authors' or Proline's registration of any designs or stamps, and no application for such registrations associated with the alleged authors or with Proline. *Cf.* Atlantic Recording Corp. v. Serrano, 2007 WL 4612921 *3 (S.D.Cal. Dec. 28, 2007) (finding a complaint adequately stated a copyright infringement claim where plaintiffs attached to their pleading an exhibit that listed specific copyrighted recordings along with the registration number for each). Whether copyright law even applies depends on the identification of particular copyrighted material claimed to be infringed and its registrations or registration applications filed in the Copyright Office. *See* Zito v. Steeplechase Films, Inc., 267 F.Supp.2d 1022, 1025 (N.D.Cal. 2003).

The objective of Rule 8 is to ensure clear and concise pleading to expedite the progress of the litigation without entanglement in the nuances of exhaustively detailed pleadings. That objective is defeated when the actual, particular subject matter of the litigation is omitted from the pleading and concealed thereafter through nondisclosure under the cloak of Rule 8. For all the foregoing reasons, **IT IS HEREBY ORDERED** Proline shall have ten (10) days from the date this Order is entered to file a superseding Second Amended Complaint, identifying the particular decorative concrete stamp design(s) it seeks to place at issue in a manner permitting the defendants to identify them for purposes of formulating responsive pleadings and affirmative defenses. Failure to timely amend the FAC to disclose that information will result in dismissal of this action, without prejudice but without further notice. Should the Second Amended Complaint perpetuate Proline's mysterious secrecy, it will be subject to dismissal with prejudice, upon a proper motion from the defendants or any of them.

**IT IS SO ORDERED**.

DATED: August 17, 2008

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge