SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation
Jeffrey D. Lewin, SBN 68202
Barton L. Jacka, SBN 154116
550 West "C" Street, Suite 1500
San Diego, California 92101
Telephone: (619) 233-4100
Fax Number: (619) 231-4372

Attorneys for Defendants,
Creative Urethane Concepts, Inc.; and Clyde Cobb

E-FILED: August 22, 2008

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROLINE CONCRETE TOOLS, INC., a California Corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GORD DENNIS, an individual; CADILLAC CONCRETE PRODUCTS, LTD., an unknown business form located in British Columbia, Canada; CREATIVE URETHANE CONCEPTS, INC., a South Carolina Corporation; CLYDE COBB, an individual; UNIVERSAL BUILDING PRODUCTS, INC., an Illinois Corporation; LEGACY DECORATIVE CONCRETE SYSTEMS, INC., an Illinois Corporation; STEPHEN JOHNSON, an individual; CHARLES KREUTZER, an individual; SOLOMON COLORS, INC., an Illinois Corporation; RICHARD SOLOMON, an individual; GINA SOLOMON, an individual; and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | Case No. 3:07-cv-2310-LAB (AJB)<br><br>(1) **EX PARTE APPLICATION OF CLYDE COBB FOR ORDER CLARIFYING DATE BY WHICH HE MAY FILE A MOTION TO DISMISS OR OTHERWISE RESPOND TO THIS ACTION;**<br>(2) **MEMORANDUM OF POINTS AND AUTHORITIES; AND**<br>(3) **DECLARATION OF BARTON L. JACKA (under separate cover)**<br><br>Judge: The Hon. Larry Alan Burns<br>Courtroom: 9<br>Hearing Date: None (In Chambers) |

///

///

///

///

# APPLICATION

Clyde Cobb hereby applies ex parte to this Court for an order confirming: (1) that he need not respond to Proline Concrete Tools, Inc.'s ("Proline") April 30, 2008 amended complaint (the "amended complaint"); and (2) that he need not file a response in this action, including but not limited to a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 12(b)(2), until the date set forth by FRCP, Rule 15(a)(2) - i.e., within ten days after service of the second amended complaint that Proline is required to file pursuant to this Court's August 18, 2008 order (the "August 18 order").

Mr. Cobb makes this Application because: (1) it is not clear whether, in light of the August 18 order, it is not clear whether he required to respond to the amended complaint; (2) it would be a waste of his, Proline's, and this Court's resources for Mr. Cobb to file a motion to dismiss or otherwise to respond to the amended complaint without knowing whether Proline intends to file a second amended complaint or what that pleading will say and then, if Proline does file and serve a second amended complaint, to have to file a response to that pleading within ten days of service.

Extraordinary relief is required because: (1) if Mr. Cobb was required to respond to the amended complaint, the ordinary deadline for doing so, pursuant to FRCP, Rule 12(a)(1)(A)(ii), would be August 25, 2008; and (2) counsel for Proline is apparently not available to agree to a stipulation on this issue until on or about August 26, 2008.

This application is supported by the following memorandum of points and authorities and by the accompanying Declaration of Barton L. Jacka (the "Jacka decl.").

Dated:  August 22, 2008

SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation

By: /s/ Barton L. Jacka
Barton L. Jacka
Attorneys for Defendants
Creative Urethane Concepts, Inc.; and Clyde Cobb

## MEMORANDUM OF POINTS AND AUTHORITIES

Based on the date (August 4, 2008) that Mr. Cobb purportedly was served with the amended complaint, his counsel calculated that Mr. Cobb should respond by August 25, 2008. See Declaration of Barton L. Jacka, ¶ 5; FRCP, Rule 12(a)(1)(A)(ii). On August 18, 2008, however, this Court granted the motion of Creative Urethane Concepts, Inc. for a more definite statement under FRCP, Rule 12(e) and ordered Proline, by August 28, 2008, to file a second amended complaint. See August 18, 2008 order.

Mr. Cobb intends to respond to this action by filing a motion under FRCP, Rule 12(b)(2) to dismiss for lack of personal jurisdiction. See Jacka decl., ¶ 4. It is not entirely clear whether the August 25, 2008 deadline remains in effect or whether Mr. Cobb is entitled to avoid having to respond until ten days after Proline - if indeed it does so - serves the second amended complaint required by the August 18 order. See FRCP, Rule 15(a)(3).

Accordingly, Mr. Cobb's counsel sought Proline's assent to a stipulation clarifying the issue and discovered that the office of its counsel, Tory M. Pankopf, is closed until at least August 26, 2008. See Jacka decl., ¶ 3. Accordingly, Mr. Cobb's counsel left a voicemail, sent e-mails and sent a letter to Mr. Pankopf asking his assent to a stipulation and informing him, if Mr. Pankopf did not respond, that Mr. Cobb would file an ex parte application for relief. Id., ¶¶ 3 and 6-8. Neither Mr. Pankopf nor any other attorney purporting to represent Proline has responded to these inquiries. Id., ¶ 9.

Local Civil Rule 12.1 allows a party, upon a showing of good cause, to obtain an extension "of time for answering, or moving to dismiss a complaint." Mr. Cobb should not need an "extension of time" since he should not have to respond to the amended complaint; this Court has ordered that it be superseded by an entirely new document. Regardless, however, in order to avoid the possibility of Proline requesting entry of default as it has already done against two other defendants (see July 14, 2008 request to enter default against Gord Dennis and Cadillac Concrete Products, Ltd.), it is prudent for Mr. Cobb to obtain an order specifically clarifying the issue.

Mr. Cobb does not know whether Proline will file and serve a second amended complaint or what that document will say. It would be a waste of his, Proline's and this Court's resources to

1  require him to file a motion to dismiss without knowing whether Proline intends to pursue the action
2  or on what terms.  If Proline files and serves a second amended complaint, Mr. Cobb would be in the
3  position of having filed a response to the amended complaint and then, within ten days of service of
4  the second amended complaint, filing a response to <u>that</u> pleading - there would be no point to the
5  first response.
6      Accordingly, Mr. Cobb respectfully requests that this Court enter an order confirming:  (1)
7  that he need not respond to the amended complaint; and (2) that he need not file a response in this
8  action, including but not limited to his intended motion to dismiss for lack of personal jurisdiction
9  pursuant to FRCP, Rule 12(b)(2), until the deadline required by FRCP, Rule 15(a)(2) following
10 service, if any, of Proline's second amended complaint.

12 Dated:     August 22, 2008         SULLIVAN, HILL, LEWIN, REZ & ENGEL
                                      A Professional Law Corporation

14                                    By: /s/ Barton L. Jacka
15                                        Barton L. Jacka
                                          Attorneys for Defendants
16                                        Creative Urethane Concepts, Inc.; and Clyde Cobb

**Proline Concrete Tools, Inc. v. Gord Dennis, et al.**
**USDC - Southern District   Case No. 37-cv-02310-LAB-AJB**

## PROOF OF SERVICE

I am employed in the City and County of San Diego by the law firm of Sullivan Hill Lewin Rez & Engel, 550 West C Street, Suite 1500, San Diego, California 92101. I am over the age of 18 and not a party to this action.

On August 22, 2008, I served the attached document(s):

**EX PARTE APPLICATION OF CLYDE COBB FOR ORDER CLARIFYING DATE BY WHICH HE MAY FILE A MOTION TO DISMISS OR OTHERWISE RESPOND TO THIS ACTION AND MEMORANDUM OF POINTS & AUTHORITIES**

on the parties, through their attorneys of record, by placing copies thereof in sealed envelopes (except for facsimile transmission), addressed as shown below, for service as designated below:

A.  **BY U.S. MAIL.** I am readily familiar with Sullivan, Hill, Lewin, Rez & Engel's practice of collection and processing correspondence for mailing. Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

B.  **BY FACSIMILE** machine pursuant to Rule 2008(e). The recipient's name and fax number that I used are as shown below. The facsimile machine that I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), a transmission report was properly issued by the transmitting facsimile machine.

C.  **OVERNITE EXPRESS.** I caused such envelopes to be deposited in the Overnite Express Drop Box at San Diego, California.

I am personally and readily familiar with the business practice of this office for collection and processing correspondence for Overnite Express mailing. Under that practice it would be dropped in the drop box for the Overnite Express Service on that same day at San Diego, California in the ordinary course of business.

D.  **FEDERAL EXPRESS.** I caused such envelopes to be deposited in the Federal Express Drop Box at San Diego, California.

I am personally and readily familiar with the business practice of this office for collection and processing correspondence for Federal Express mailing. Under that practice it would be dropped in the drop box for the Federal Express Service on that same day at San Diego, California in the ordinary course of business.

E.  **BY PERSONAL SERVICE.** I delivered such envelope by hand to the offices of the addressee.

| SERVICE | ADDRESSEE | PARTY |
|---|---|---|
| A & B | Tory M. Pankopf<br>Law Offices of Tory M. Pankopf<br>611 Sierra Rose Drive<br>Reno, NV  89511<br>Tel:  530-725-8263<br>Fax: 530-725-8264 | Attorney for Plaintiff,<br>Proline Concrete Tools, Inc. |
| A & B | Gregor A. Hensrude<br>Greg A. Garbacz<br>Klinedinst Attorneys At Law<br>501 West Broadway, Suite 600<br>San Diego, CA  92101<br>Tel: 619-239-8131, ext. 2283<br>Fax: 619-238-8707 | Attorney for Defendants,<br>Legacy Decorative Concrete<br>Systems, Inc. and<br>Solomon Colors, Inc. |
| A & B | Keith J. Grady<br>Robert S. Kenney<br>Polsinelli, Shalton, Flanigan, Suelthaus PC<br>100 South Fourth Street, Suite 1100<br>St. Louis, MO  63102<br>Tel: 314-889-8000<br>Fax: 314-727-7166 | Attorney for Defendants,<br>Legacy Decorative Concrete<br>Systems, Inc. and<br>Solomon Colors, Inc. |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 22, 2008 at San Diego, California.

*Rosette M.F. Tyner*
Rosette M.F. Tyner