SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation
Jeffrey D. Lewin, SBN 68202
Cynthia A. Fissel, SBN 164163
550 West "C" Street, Suite 1500
San Diego, California 92101
Telephone: (619) 233-4100
Fax Number: (619) 231-4372

Attorneys for Defendants
Creative Urethane Concepts, Inc. and Clyde Cobb

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROLINE CONCRETE TOOLS, INC., a California Corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GORD DENNIS, an individual; CADILLAC CONCRETE PRODUCTS, LTD., an unknown business form located in British Columbia, Canada; CREATIVE URETHANE CONCEPTS, INC., a South Carolina Corporation; CLYDE COBB, an individual; UNIVERSAL BUILDING PRODUCTS, INC., an Illinois Corporation; LEGACY DECORATIVE CONCRETE SYSTEMS, INC., an Illinois Corporation; STEPHEN JOHNSON, an individual; CHARLES KREUTZER, an individual; SOLOMON COLORS, INC., an Illinois Corporation; RICHARD SOLOMON, an individual; GINA SOLOMON, an individual; and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | Case No. 3:07-cv-2310-LAB (AJB)<br><br>**ANSWER OF CREATIVE URETHANE CONCEPTS, INC. TO SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

　　　　Defendant CREATIVE URETHANE CONCEPTS, INC. ("CUC"), on behalf of itself and no other defendant, answers the Second Amended Complaint ("SAC") of Plaintiff PROLINE CONCRETE TOOLS, INC. ("PROLINE") as follows:

**ANSWER OF CREATIVE URETHANE CONCEPTS, INC. TO SECOND AMENDED COMPLAINT**

1     1.    CUC admits the allegations in Paragraph 1 of the SAC.

2                              **JURISDICTION AND VENUE**

3     2.    CUC lacks sufficient information or knowledge to form a belief as to the truth of the

4  allegations in Paragraph 2 of the SAC and therefore denies them.

5     3.    CUC lacks sufficient information or knowledge to form a belief as to the truth of the

6  allegations in Paragraph 3 of the SAC and therefore denies them.

7                                    **PARTIES**

8     4.    CUC lacks sufficient information or knowledge to form a belief as to the truth of the

9  allegations in Paragraph 4 of the SAC and therefore denies them.

10    5.    CUC admits that it is a South Carolina corporation with its principal place of business

11 at 907 Garland Street, Columbia, South Carolina. CUC admits that it sells decorative concrete

12 stamps. Except as expressly admitted, CUC denies the allegations in Paragraph 5 of the SAC.

13    6.    CUC admits that Clyde Cobb is the President of CUC. Except as express admitted,

14 CUC denies the allegations in paragraph 6 of the SAC.

15    7.    CUC lacks sufficient information or knowledge to form a belief as to the truth of the

16 allegations in Paragraph 7 of the SAC and therefore denies them.

17    8.    CUC lacks sufficient information or knowledge to form a belief as to the truth of the

18 allegations in Paragraph 8 of the SAC and therefore denies them.

19    9.    CUC lacks sufficient information or knowledge to form a belief as to the truth of the

20 allegations in Paragraph 9 of the SAC and therefore denies them.

21    10.   CUC lacks sufficient information or knowledge to form a belief as to the truth of the

22 allegations in Paragraph 10 of the SAC and therefore denies them.

23    11.   CUC lacks sufficient information or knowledge to form a belief as to the truth of the

24 allegations in Paragraph 11 of the SAC and therefore denies them.

25    12.   CUC lacks sufficient information or knowledge to form a belief as to the truth of the

26 allegations in Paragraph 12 of the SAC and therefore denies them.

27    13.   CUC lacks sufficient information or knowledge to form a belief as to the truth of the

28 allegations in Paragraph 13 of the SAC and therefore denies them.

**ANSWER OF CREATIVE URETHANE CONCEPTS, INC. TO SECOND AMENDED COMPLAINT**

14.    CUC lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 14 of the SAC and therefore denies them.

15.    CUC lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 15 of the SAC and therefore denies them.

16.    CUC lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 16 of the SAC and therefore denies them.

17.    CUC lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 17 of the SAC and therefore denies them.

## GENERAL ALLEGATIONS OF FACT

18.    CUC lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 18 of the SAC and therefore denies them.

19.    CUC lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 19 of the SAC and therefore denies them.

20.    CUC lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 20 of the SAC and therefore denies them.

21.    CUC denies the allegations in Paragraph 21 of the SAC.

22.    CUC denies the allegations in Paragraph 22 of the SAC.

23.    CUC denies the allegations in Paragraph 23 of the SAC.

## FIRST CLAIM FOR RELIEF

## (Federal Copyright Infringement)

24.    In response to Paragraph 24 of the SAC, CUC repeats and realleges its responses to Paragraphs 1 through 22 of the SAC.

25.    CUC lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 25 of the SAC and therefore denies them.

26.    CUC lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 26 of the SAC and therefore denies them.

27.    CUC lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 27 of the SAC and therefore denies them.

**ANSWER OF CREATIVE URETHANE CONCEPTS, INC. TO SECOND AMENDED COMPLAINT**

1   28.    CUC lacks sufficient information or knowledge to form a belief as to the truth of the

2   allegations in Paragraph 28 of the SAC and therefore denies them.

3   29.    CUC denies the allegations in Paragraph 29 of the SAC.

4   30.    CUC denies the allegations in Paragraph 30 of the SAC.

5   31.    CUC denies the allegations in Paragraph 31 of the SAC.

6   32.    CUC denies the allegations in Paragraph 32 of the SAC.

7                    **SECOND CLAIM FOR RELIEF**

8                         **(Injunctive Relief)**

9   33.    In response to Paragraph 33 of the SAC, CUC repeats and realleges its responses to

10  Paragraphs 1 through 26 of the SAC.

11  34.    CUC denies the allegations in Paragraph 34 of the SAC.

12                      **AFFIRMATIVE DEFENSES**

13  CUC hereby asserts the following affirmative defenses to the SAC.  By alleging the

14  affirmative defenses below, CUC does not admit that it has the burden of proof on any such matter.

15                  **FIRST AFFIRMATIVE DEFENSE**

16  CUC is informed and believes and thereon alleges that the SAC, and each and every claim

17  for relief set forth therein, is barred in whole or in part by the applicable statutes of limitations,

18  including but not limited to 17 U.S.C. § 507(b).

19                  **SECOND AFFIRMATIVE DEFENSE**

20  CUC is informed and believes and thereon alleges that the decorative concrete stamps

21  alleged in the SAC are not entitled to copyright protection because they are not original works of

22  authorship fixed in a tangible medium of expression.

23                  **THIRD AFFIRMATIVE DEFENSE**

24  CUC is informed and believes and thereon alleges that the decorative concrete stamps

25  alleged in the SAC are not entitled to copyright protection because they are not original.

26  / / /

27  / / /

28                  **FOURTH AFFIRMATIVE DEFENSE**

::ODMA\PCDOCS\PCDOCS\288657\1          4          Case No. 3:07-cv-2310-LAB (AJB)

**ANSWER OF CREATIVE URETHANE CONCEPTS, INC. TO SECOND AMENDED COMPLAINT**

1   CUC is informed and believes and thereon alleges that the decorative concrete stamps
2   alleged in the SAC are not entitled to copyright protection because the United States Copyright
3   Office has denied Proline's application for a copyright on the decorative concrete stamps alleged in
4   the SAC.

### FIFTH AFFIRMATIVE DEFENSE

6   CUC is informed and believes and thereon alleges that the decorative concrete stamps
7   alleged in the SAC are not entitled to copyright protection because Plaintiff did not create them.

### SIXTH AFFIRMATIVE DEFENSE

9   CUC is informed and believes and thereon alleges that the decorative concrete stamps
10  alleged in the SAC are not entitled to copyright protection because they are generic and/or not
11  otherwise subject to copyright protection.

### SEVENTH AFFIRMATIVE DEFENSE

13  CUC is informed and believes and thereon alleges that the decorative concrete stamps
14  alleged in the SAC are not entitled to copyright protection because they were copied from other
15  works.

### EIGHTH AFFIRMATIVE DEFENSE

17  CUC is informed and believes and thereon alleges that Plaintiff is not entitled to statutory
18  damages for infringement because it did not register the decorative concrete stamps alleged in the
19  SAC prior to the commencement of the alleged infringement.

### NINTH AFFIRMATIVE DEFENSE

21  CUC is informed and believes and thereon alleges that Plaintiff's claims are barred because it
22  has failed to register any copyright in the decorative concrete stamps alleged in the SAC.

### TENTH AFFIRMATIVE DEFENSE

24  CUC is informed and believes and thereon alleges that Plaintiff's claims are barred because it
25  failed to give proper notice of any alleged copyright status in the decorative concrete stamps alleged
26  in the SAC.

27  / / /

### ELEVENTH AFFIRMATIVE DEFENSE

1  CUC is informed and believes and thereon alleges that Plaintiff's claims are barred because
2  any infringement by CUC was innocent.

3  **TWELFTH AFFIRMATIVE DEFENSE**

4  CUC is informed and believes and thereon alleges that Plaintiff's claims are barred because
5  CUC had no knowledge of Plaintiff's alleged copyright in the decorative concrete stamps alleged in
6  the SAC.

7  **THIRTEENTH AFFIRMATIVE DEFENSE**

8  CUC is informed and believes and thereon alleges that Plaintiff's claims are barred because
9  CUC had no knowledge that its actions constituted infringement.

10  **FOURTEENTH AFFIRMATIVE DEFENSE**

11  CUC is informed and believes and thereon alleges that Plaintiff's claims are barred because
12  CUC was justified in engaging in any and/or all of the acts alleged in the SAC.

13  **FIFTEENTH AFFIRMATIVE DEFENSE**

14  CUC is informed and believes and thereon alleges that Plaintiff's claims are barred because
15  CUC acted in good faith at all times.

16  **SIXTEENTH AFFIRMATIVE DEFENSE**

17  CUC is informed and believes and thereon alleges that Plaintiff's claims are barred because
18  CUC did not copy any of the decorative concrete stamps alleged in the SAC.

19  **SEVENTEENTH AFFIRMATIVE DEFENSE**

20  CUC is informed and believes and thereon alleges that the SAC, and each and every
21  purported claim alleged therein, is barred by the doctrine of laches.

22  **EIGHTEENTH AFFIRMATIVE DEFENSE**

23  CUC is informed and believes and thereon alleges that the SAC, and each and every
24  purported claim alleged therein, is barred by the doctrine of estoppel.

25  **NINETEENTH AFFIRMATIVE DEFENSE**

26  CUC is informed and believes and thereon alleges that the SAC, and each and every
27  purported claim alleged therein, is barred by the doctrine of waiver.

28  **TWENTIETH AFFIRMATIVE DEFENSE**

1  CUC is informed and believes and thereon alleges that the SAC, and each and every

2  purported claim alleged therein, is barred by the doctrine of unclean hands.

3  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

4  CUC is informed and believes and thereon alleges that it has caused no damage to Plaintiff.

5  **TWENTY-SECOND AFFIRMATIVE DEFENSE**

6  CUC is informed and believes and thereon alleges that any damages suffered by Plaintiff

7  were proximately caused by Plaintiff itself.

8  **TWENTY-THIRD AFFIRMATIVE DEFENSE**

9  CUC is informed and believes and thereon alleges that any damages suffered by Plaintiff

10  were proximately caused by third parties other than CUC.

11  **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

12  CUC is informed and believes thereon alleges that other persons and/or their agents and

13  employees were comparatively at fault and, should Plaintiff recover damages against CUC, then

14  CUC is entitled to have the amount abated, reduced, or eliminated.

15  **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

16  CUC is informed and believes and thereon alleges that if damages were suffered by Plaintiff,

17  such damages were proximately caused by and contributed to by persons and entities other than

18  CUC. The liability of responsible parties, named or unnamed, should be apportioned according to

19  their relative degrees of fault, and the liability of CUC should be reduced accordingly.

20  **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

21  CUC is informed and believes and thereon alleges that Plaintiff has failed to mitigate its

22  damages, if any.

23  **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

24  CUC is informed and believes and thereon alleges that Plaintiff is not entitled to injunctive

25  relief because Plaintiff has no reasonable likelihood of success on the merits.

26  / / /

27  / / /

28  **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

1    CUC is informed and believes and thereon alleges that Plaintiff is not entitled to injunctive

2  relief because Plaintiff has not suffered any irreparable injury.

3                    **TWENTY-NINTH AFFIRMATIVE DEFENSE**

4    CUC is informed and believes and thereon alleges that Plaintiff is not entitled to injunctive

5  relief because a balance of the equities favors CUC.

6                        **THIRTIETH AFFIRMATIVE DEFENSE**

7    Due to the vague and ambiguous nature of the SAC, CUC is not able to ascertain whether it

8  may have additional, as yet unstated, defenses. Accordingly, CUC hereby reserves the right to assert

9  additional defenses in the event that it becomes apparent that such defenses are appropriate.

10                        **PRAYER FOR RELIEF**

11    WHEREFORE, CUC prays for judgment as follows:

12    1.    That Proline's SAC be dismissed in its entirety with prejudice;

13    2.    That judgment be entered in favor of CUC;

14    3.    That the Court award to CUC its reasonable attorney's fees;

15    4.    That the Court award to CUC its costs incurred in this action; and

16    5.    That the Court grant such other and further relief to CUC as it may deem proper.

17  Dated:        September 15, 2008        SULLIVAN, HILL, LEWIN, REZ & ENGEL
                                            A Professional Law Corporation
18

19                                         By:    /s/ Cynthia A. Fissel
                                                  Jeffrey D. Lewin
20                                                Cynthia A. Fissel
                                                  Attorneys for Defendants Creative Urethane
21                                                Concepts, Inc. and Clyde Cobb

22

23

24

25

26

27

28

**ANSWER OF CREATIVE URETHANE CONCEPTS, INC. TO SECOND AMENDED COMPLAINT**

1

## JURY DEMAND

2        CUC requests a trial by jury on all issues triable to a jury.

3

4  Dated:      September 15, 2008          SULLIVAN, HILL, LEWIN, REZ & ENGEL
                                           A Professional Law Corporation
5

6                                          By:     /s/ Cynthia A. Fissel
                                                   Jeffrey D. Lewin
7                                                  Cynthia A. Fissel
                                                   Attorneys for Defendants Creative Urethane
8                                                  Concepts, Inc. and Clyde Cobb

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ANSWER OF CREATIVE URETHANE CONCEPTS, INC. TO SECOND AMENDED COMPLAINT**

**Proline Concrete Tools, Inc. v. Gord Dennis, et al.**
**USDC - Southern District  Case No. 37-cv-02310-LAB-AJB**

### PROOF OF SERVICE

I am employed in the City and County of San Diego by the law firm of Sullivan Hill Lewin Rez & Engel, 550 West C Street, Suite 1500, San Diego, California 92101.  I am over the age of 18 and not a party to this action.

On September 15, 2008, I served the attached document(s):

### ANSWER OF CREATIVE URETHANE CONCEPTS, INC. TO SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

on the parties, through their attorneys of record, by placing copies thereof in sealed envelopes (except for facsimile transmission or email), addressed as shown below, for service as designated below:

A.      **BY U.S. MAIL.**  I am readily familiar with Sullivan, Hill, Lewin, Rez & Engel's practice of collection and processing correspondence for mailing.  Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at San Diego, California in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

B.      **BY FACSIMILE** machine pursuant to Rule 2008(e).  The recipient's name and fax number that I used are as shown below.  The facsimile machine that I used complied with Rule 2003(3) and no error was reported by the machine.  Pursuant to Rule 2008(e)(4), a transmission report was properly issued by the transmitting facsimile machine.

C.      **OVERNITE EXPRESS.**  I caused such envelopes to be deposited in the Overnite Express Drop Box at San Diego, California.

I am personally and readily familiar with the business practice of this office for collection and processing correspondence for Overnite Express mailing.  Under that practice it would be dropped in the drop box for the Overnite Express Service on that same day at San Diego, California in the ordinary course of business.

D.      **FEDERAL EXPRESS.**  I caused such envelopes to be deposited in the Federal Express Drop Box at San Diego, California.

I am personally and readily familiar with the business practice of this office for collection and processing correspondence for Federal Express mailing.  Under that practice it would be dropped in the drop box for the Federal Express Service on that same day at San Diego, California in the ordinary course of business.

E.      **BY PERSONAL SERVICE.**  I delivered such envelope by hand to the offices of the addressee.

1  F.  **EMAIL PLEADINGS FILED THROUGH THE COURT.**  Pursuant to Local Rules, I
2      electronically filed this document via the CM/ECF system for the United States District
       Court for the Southern District of California and notice was electronically mailed by the
3      court.

4  | SERVICE | ADDRESSEE | PARTY |
|---|---|---|
5 | F | Tory M. Pankopf -<br>Law Offices of Tory M. Pankopf<br>611 Sierra Rose Drive<br>Reno, NV 89511<br>Tel: 530-725-8263<br>Fax: 530-725-8264<br>tppankopf@sbcglobal.net | Plaintiff Proline Concrete<br>Tools, Inc |
| A | Greg A. Garbacz<br>Klinedinst Attorneys At Law<br>501 West Broadway, Suite 600<br>San Diego, CA 92101<br>Tel: 619-239-8131 ext. 2283<br>Fax: 619-238-8707<br>ggarbacz@klinedinstlaw.com | Defendant Solomon Colors,<br>Inc. and Legacy Decorative<br>Concrete Systems, Inc |
| F | Gregor A. Hensrude<br>Klinedinst Attorneys At Law<br>501 West Broadway, Suite 600<br>San Diego, CA 92101<br>Tel: 619-239-8131 ext.<br>Fax: 619-238-8707<br>ghensrude@klinedinstlaw.com | Defendant Solomon Colors,<br>Inc. and Legacy Decorative<br>Concrete Systems, Inc |
| A | Keith J. Grady<br>Polsinelli, Shalton, Flanigan, Suelthaus PC<br>100 South Fourth Street, #1100<br>St. Louis, MO 63102<br>Tel: 314-552-6883<br>Fax: 314-231-1776<br>kgrady@polsinelli.com | Defendant Solomon Colors,<br>Inc. and Legacy Decorative<br>Concrete Systems, Inc |
| F | Robert S. Kenney<br>Polsinelli, Shalton, Flanigan, Suelthaus PC<br>100 South Fourth Street, #1100<br>St. Louis, MO 63102<br>Tel: 314-552-6875<br>Fax: 314-231-1776<br>rkenney@polsinelli.com | Defendant Solomon Colors,<br>Inc. and Legacy Decorative<br>Concrete Systems, Inc |

::ODMA\PCDOCS\PCDOCS\288826\1                    2                    Case No. 37-cv-02310-LAB-AJB

PROOF OF SERVICE

1     I declare that I am employed in the office of a member of the bar of this court at whose

2   direction the service was made.

3     Executed on September 15, 2008 at San Diego, California.

4

5     _____
      Sandi C. García

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28