# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROLINE CONCRETE TOOLS, INC., a California corporation,<br><br>                                        Plaintiff,<br>        vs.<br><br>GORD DENNIS, an individual, CADILLAC CONCRETE PRODUCTS, LTD., an unknown business form located in British Columbia, Canada, CREATIVE URETHANE CONCEPTS, INC., a South Carolina Corporation, UNIVERSAL BUILDING PRODUCTS, INC., an Illinois Corporation, LEGACY DECORATIVE CONCRETE SYSTEMS , INC., an Illinois Corporation, SOLOMON COLORS, INC., an Illinois Corporation, and DOES 1 through 20, inclusive,<br><br>                                        Defendants. | CASE NO. 07cv2310-LAB (AJB)<br><br>**ORDER GRANTING MOTION TO COMPEL REGISTRATION OF COPYRIGHT CLAIMS** |

Proline Concrete Tools has filed a motion for the Court to compel registration of its copyright claims after the Copyright Office Register refused to register them.

The works Proline seeks to copyright are rock and stone sculptures that are used to make decorative concrete stamps. They are called Appian Cobble Stone "A", Appian Cobble Stone "B", Castle Stone, Grand Sandstone Groutable, and Random Garden

Stone.  The process is straightforward: "Plaintiff makes a mold of each sculpture.  The mold serves as a die for the purpose of impressing the three dimensional design of the sculpture into large expanses of wet concrete." (Doc. No. 88 at 2).  To be clear, Proline seeks to copyright only the original sculptures, not the decorative stamps that are made from them.

## I.     Legal Background

Proline asserts that the Court must review the Register's rejection of its copyright claims *de novo*.  It relies on *Atari Games Corp. v. Oman*, 888 F.2d 878, 887 (D.C. Cir. 1989).  The Court disagrees with Proline's reliance on *Atari*, however.

There are two ways for a party to challenge the Register's decision to deny a copyright claim.  The first way is to file an infringement action under the Copyright Act and ask for judicial review of the Register's decision as part of that action.  See 17 U.S.C. § 411(a); *Darden v. Peters*, 488 F.3d 277, 285 (4th Cir. 2007). The Register must be served with a copy of the complaint, and the Register can opt to become a party to the action with respect to the issue of registrability by entering an appearance within 60 days of service.  This is what Proline has done in this case, although the Register has opted not to join.

Alternatively, a party can challenge the Register's decision under the Administrative Procedure Act.  17 U.S.C. § 701(e).  *Atari* was an Administrative Procedures Act case, and did not address the standard of review in infringement actions. *Paul Morelli Design, Inc. v. Tiffany And Co.*, 200 F. Supp. 2d 482, 485 n.3 (E.D. Pa. 2002).  Thus, the standard of review in *Atari* isn't applicable here.

The Ninth Circuit has spoken, however, on the standard of review applicable in infringement action like this one.  *See Batjac Productions. v. GoodTimes Home Video Corp.,* 160 F.3d 1223, 1230 (9th Cir. 1998)*.  Batjac* involved the Register's determination that once a movie passes into the public domain the underlying screenplay passes into the public domain, too.  *Id.* at 1225-26.  The Ninth Circuit recognized that the Register "has the authority to interpret the copyright laws and its interpretations are entitled to

judicial deference if reasonable." *Id.* at 1223 (citing *Marascalco v. Fantasy, Inc.*, 953 F.2d 469, 483 (9th Cir. 1991)). While *Batjac* is not identical to this case (the Register actually appeared to defend its rejection), the Court will follow its standard of review and ask whether the Register's rejection of Proline's copyright claims was reasonable. *See Zhang v. Heineken N.V.*, 2010 WL 4457460 at *6 (C.D. Cal. 2010) (citing *Batjac* and deferring to Register's decision if reasonable); *Paul Morelli Design*, 200 F. Supp. 2d, at 485 (same).

## II.   Analysis

Copyright protection is granted to "original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of machine or device." 17 U.S.C. § 102(a). Among the works of authorship that can be protected are those that are "pictorial, graphic, and sculptural." 17 U.S.C. § 102(a)(5). The works Proline wishes to copyright are sculptural.

The Register denied Proline's copyright claims on two different bases. Each basis is individually sufficient to reject the claims, and the Court will address them individually.

### A.   Slavish Copies

The first basis for denial of registration by the Register was that Proline's works are "slavish copies of un-copyrightable objects and, as such, do not contain a sufficient amount of original authorship to support copyright claims." (Doc. No. 88-4 at 2.) The Register opined that the works are slavish copies because they just replicate natural stones and their features:

> [T]hese works have been created by molding actual stones and this process conveys cut marks, defects and other qualities appearing on natural stone. This process is a slavish reproduction to duplicate the appearance of natural stone and slavish reproductions are not subject to copyright because they lack the minimum amount of original artistic material to support copyright registrations. Also, the specific qualities appearing on natural stone, such as cut marks, defects and the like are merely un-copyrightable effects.

(Doc. No. 88-4 at 2).

In response, Proline clarifies that the process by which the sculptures are created does not involve the molding of actual stones. Contrary to the Register's analysis, "the sculptures are not molds of existing stones or rocks. They are created from the artists interpretation of stones and rocks he has observed." (Doc. No. 88 at 9).

The Court agrees. The sculptures are not slavish copies of natural stones but rather Proline's original sculptures. This seems to be a clear misunderstanding on the part of the Register that confused its analysis and led it to conclude that the sculptures are slavish copies of natural objects. Its rejection of the copyright claims was therefore not reasonable, and is not entitled to deference.

### B.   Useful Articles

The second basis for denial of registration by the Copyright Register was that Proline's works are useful articles, which as a general rule cannot be copyrighted. (Doc. No. 88-4 at 2). A useful article is "an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information. An article that is normally a part of a useful article is considered a 'useful article.'" 17 U.S.C. § 101. Clear examples of useful articles include automobiles, food processors, and television sets. See *Gay Toys, Inc. v. Buddy L. Corp.*, 703 F.2d 970, 973 (6th Cir.1983).[1]

After reviewing Proline's sculptures and the process by which they are created, the Court finds they are not useful articles. Indeed, they have no intrinsic utilitarian function other than to "portray the appearance" of the sculptures. 17 U.S.C. § 102(a)(5). The fact that they are made to serve some utilitarian purpose doesn't change that. A painting isn't any less copyrightable, for example, just because it is used to cover a hole in the wall.

---

[1] Useful articles *can* be given copyright protection if they "incorporate[ ] pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article." (Doc 88-4 at 2, citing 17 U.S.C. § 101). The Court doesn't need to reach this issue, of course, if it finds the work at issue isn't a useful article to begin with. See *Masquerade Novelty, Inc. v. Unique Industries, Inc.,* 912 F.2d 663, 670 (3rd Cir. 1990) ("If a sculptural work is not a 'useful article' because its sole 'utilitarian function... is ... to portray the appearance of the article,' then it remains copyrightable ... and a court need not analyze whether its utilitarian function is separable from the work's sculptural elements.").

- 4 -

The Register's conclusion seems again to result from its confusion over how Proline creates the sculptures and what exactly it seeks to copyright. ("[A]nother basis for refusing these registrations is the *concrete stamps* are 'useful articles' which do not contain any separable authorship needed to sustain a claim to copyright.") (Doc 88-4 at 2 (emphasis added).) Because of this misunderstanding, the Register wrongly concluded that the sculptures are useful articles. As a result, its rejection of the copyright claims on Useful Article grounds is not reasonable, and is not entitled to deference.

### III.   Conclusion

For the foregoing reasons, Proline's motion to compel registration of its copyright claims is **GRANTED.** The sculptures used to create the decorative concrete stamps are copyrightable.

**IT IS SO ORDERED**.

DATED:  July 13, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge